IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SASHADA MAKTHEPHARAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case. No. 23-2121-DDC-RES |
| | ) |
| LAURA KELLY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO STAY DISCOVERY
AND MEMORANDUM IN SUPPORT**

Defendants Laura Kelly, Jeff Zmuda, Jonathan Ogletree, Jeannie Wark and Mark Keating ("Defendants"), hereby request, through Assistant Attorney General Matthew L. Shoger, an order staying all discovery and other related Rule 26 proceedings in this case, to be effective June 3, 2023, including the obligation to attend a scheduling conference, or to issue or respond to any discovery beyond initial disclosures, until the District Court rules on Defendants' Motion for Judgment on the Pleadings. In support of the Motion to Stay, Defendants state as follows.

**NATURE OF THE MATTER BEFORE THE COURT**

In this action, Plaintiff Sashada Makthepharak, presently incarcerated at Lansing Correctional Facility, alleges that he has been effectively sentenced to life without parole in violation of the United States and Kansas Constitutions. He alleges that Defendants have denied him a meaningful opportunity for release. Defendants have filed a Motion for Judgment on the Pleadings seeking dismissal of the majority of Makthepharak's claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity, using an inappropriate legal avenue for post-conviction relief, and lack of standing), or, in the alternative, for failure to state a claim.

## QUESTION PRESENTED

Should discovery and related Rule 26 proceedings be stayed effective June 3, 2023, pending the resolution of Defendants' Motion for Judgment on the Pleadings, which raises the defense of Eleventh Amendment immunity?

## ARGUMENTS AND AUTHORITIES

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case,
- "where the facts sought through uncompleted discovery would not affect the resolution of the motion," and
- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another such circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity). Staying discovery in such cases allows the Court

to resolve the threshold question of whether a defendant is entitled to immunity before subjecting the defendant to the burdens of discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014)); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (saying qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government").

The Court should stay discovery beyond initial disclosures until it rules on Defendants' pending motion because that motion raises threshold issues likely to dispose of the majority of the claims in the case. The motion argues extensively that the Court lacks subject-matter jurisdiction over most claims and, alternatively, that Makthepharak fails to state a claim with regard to these claims. Discovery will not aid the Court in deciding these matters, as they are questions of law, not fact.

Finally, defendants raise the issue of Eleventh Amendment immunity. Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying an official's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). Defendants are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (affirming stay of discovery where defendant raised sovereign immunity as a defense).

## CONCLUSION

Until the Court decides the dispositive legal and jurisdictional issues raised in Defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Thus, the Court should grant this motion and enter an order staying discovery and other Rule 26 activities in this case, to be effective June 3, 2023, including the obligation to attend a scheduling conference, or to issue or respond to any discovery beyond initial disclosures, until it rules on Defendants' pending Motion for Judgment on the Pleadings and until expiration of the time for appeal should that Motion be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of May, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Jonathan Sternberg, Attorney, PC
2323 Grand Blvd., Suite 1100
Kansas City, MO 64108-2607
jonathan@sternberg-law.com
*Attorney for Plaintiff*

        */s/ Matthew L. Shoger*
        Matthew L. Shoger
        Assistant Attorney General