**Exhibit C**



# CUSTODY CLASSIFICATION MANUAL FOR MEN

Issued November 1, 2005
Revised January 24, 2006
Revised March 19, 2007
Revised April 1, 2008
Revised March 1, 2016
Revised September 6, 2016
Revised February 2023
Revised March 2024

# Kansas Department of Corrections (KDOC) Classification System for Men

| Table of Contents | |
|---|---|
| **Section** | **Page** |
| I.   General Classification Information and Scoring Instructions for Custody Assessments | 4 |
| A.  What is a custody classification? | 4 |
| B.   When do we classify? | 4 |
| C.   What kinds of assessment instruments are used? | 4 |
| D.   Is compliance with the criteria mandatory? | 5 |
| E.   Assessment of Condition Violators | 5 |
| F.   Classifying within the Criteria and Exceptions | 6 |
| Classifying within the Criteria | 6 |
| Classifying Outside the Criteria -- Classification Exceptions | 6 |
| Types of Classification Exceptions | 7 |
| Need for Objective Documentation | 8 |
| Revision Dates | 9 |
| Active and Inactive Sentences | 9 |
| G.   Types of Custody Assessments | 9 |
| II.  Specific Coding and Scoring Instructions for each Custody Item | 12 |
| A.   Identifying Information | 12 |
| B.   Risk Factor Scoring | 12 |
| Item 1:   Most serious current offense | 12 |
| Item 2:   Time remaining to serve | 15 |
| Item 3:   Severity of prior convictions | 16 |
| Item 4:   Escape history and characteristics | 18 |
| Item 5:   Institutional adjustment | 21 |
| Item 6:   Current age | 22 |
| C.   Point-Based Custody Level | 23 |
| III. Non-Point Based Items | 24 |
| IV. Special Management Needs | 26 |
| A.   Segregation Needs | 26 |
| B.   Assigned Custody Level | 28 |
| V.   Condition Violators and Prison Sanctions from Probation | 28 |
| VI. Classification Exception Request | 29 |
| VII. Facility Custody / Next Custody Due | 31 |
| Attachments | |
| A.   Custody Assessment Instruments | 32 |
| B:   Classification Exception Form | 36 |
| C:   Offense Severity Table | 37 |
| D:   Disciplinary Infraction Table | 39 |

## I. General Classification Information and Scoring Instructions for Custody Assessments

### A. What is a custody classification?

A custody classification assesses the risk an individual presents to self, other residents, staff, and the community based upon a standard set of objective criteria.

This gender-specific classification system was developed to promote public safety and institutional order. This manual provides the instructions for completing custody assessments for men in the custody of the KDOC and guidelines to ensure their placement in the least restrictive level of supervision according to their assessed risks.

### B. When do we classify?

Each individual receives a custody assessment at:
- reception;
- admission as a conditions violator;
- regularly scheduled intervals (180-day or annual) following admission; and
- unscheduled events occur that trigger a reassessment.

### C. What kinds of assessment instruments are used?

The KDOC custody classification system utilizes gender-specific initial classification and reclassification instruments comprised of objective point-based and non-point-based risk criteria. (See Attachment A for the classification instruments for men in the custody of the KDOC.

The point-based classification criteria include:
- Most serious current offense
- Length of time remaining to serve
- Escape history
- Severity of prior convictions
- Institutional adjustment
- Current age

The non-point-based items include:
- Participation in sex offender treatment
- Time remaining to serve
- Detainers
- Pending disciplinary issues
- Civil commitment issues
- Special needs (protective custody, segregation, etc.)

3

**D.  Is Compliance With The Criteria Mandatory?**

**Yes.** Compliance with the scoring criteria for each risk item is mandatory. However, if the criteria do not accurately reflect the level or types of risks presented by the individual, when supported by objective documentation, an exception may raise or lower the scored custody level.   Documentation of an exception should include the mitigating or aggravating factors that support the exception request. A custody exception must be submitted via an exception form to the Deputy Secretary of Facilities Management or designee for review and approval.

**E.  Assessment Of Condition Violators**

Custody Assessments for Condition Violators shall be scored on the reclassification instrument. Pursuant to KSA 75-5210, if a man is within 90-days of his scheduled release, there is a presumption of minimum custody status if he was returned to prison for the violating conditions of post-release supervision (PRS) if the violation did not involve a new criminal conviction and/or the custody level immediately prior to the most recent release from prison was not maximum custody or special management.  This presumption applies only to the first custody assessment upon return to prison; this custody level may be overridden by any enhancement factors as per policies adopted by the Secretary of Corrections.  Condition Violators who have Lifetime Post-Release shall be scored as an indeterminate LIFE sentence unless otherwise noted in this manual.

**F.  Classifying Within and Outside the Custody Criteria**

- **Classifying Within the Criteria**

The custody criteria are designed to stratify the population into manageable groups according to the individuals' actual threats to institutional safety and security. In the development of the criteria schema, consider two questions. The first is, "What objective criteria are required to accurately assess the risk that the man presents to the system?" The second is, "What is the weight or contribution of each factor to the risk assessment?" For most men, it is the interaction among and combination of factors that determines their level of risk. For these criteria, points are assigning according to their relative contributions to the risk assessment. In other instances, criteria considerations do not fit well within the point-based scheme. To ensure that these criteria are not overlooked while simultaneously providing that they do not over-estimate the individual's risk, these criteria are established as non-point-based items and are applied only in the circumstances in which they become a risk factor.

- **Classifying Outside The Criteria -- Classification Exceptions**

As with any systemized decisions, there are three possible outcomes:

1) Agree with the decision indicated by the system -- No special action is required for this outcome. The Point-Based Custody Level determines the custody level. If the custody level indicated by the assessment instrument accurately reflects the level of risk presented by the individual, the staff person completes the classification and assigns the individual to the custody level indicated by the total points scored for the point-based risk factors.

2) Recommend a lesser degree of control than indicated by the system -- If the individual does not appear to require the level of management indicated by the custody assessment instrument, the classification staff has the option to recommend a reduction in the custody level indicated by the point-based risk factors. Submit all exceptions for a custody reduction to the Deputy Secretary of Facilities Management or designee for review and approval using the Classification by Exception form (Attachment B).

3) Recommend a higher degree of control than indicated by the system -- If the individual appears to require a greater level of management than indicated by the custody assessment instrument, the classification staff has the option to recommend for a higher custody level than that indicated by the point-based risk factors. Submit any exception for an more restrictive custody level to the Deputy Secretary of Facilities Management or designee for review and approval using the Classification by Exception form (Attachment B). The facility may temporarily classify the individual to a more restrictive security level pending approval by the Deputy Secretary.

- **Types of Classification Exceptions**

  1) **Reentry Custody Review and Recommendation**:  At the individual's regular custody review within 12 to 24 months prior to the scheduled release, submit a request for a classification exception if the custody level is greater than minimum custody solely due to the application of the point-based reclassification items 1, 3, 5, or 6. Complete a Classification by Exception form (Attachment B) to indicate either support for or opposition to a less-restrictive custody level based upon the individual's institutional record, LSI-R score, applicable treatment summaries, etc. An exception form is not required if the point-based item score for Escape History & Characteristics or Institutional Adjustment is greater than zero (0) or if any non-point-based or special management item is scored as "Yes."

     Item 5.a. on the Classification Exception form shall be coded as follows: [X] Reentry – the individual is within two years of release.

  2) **Prison Review Board (PRB) Recommendation:**  Upon receipt of a recommendation by PRB for the individual's placement in a program not

available at his current custody level, the counselor shall prepare a classification review indicating support for or opposition to a less-restrictive custody level based upon the individual's institutional record, LSI-R level, applicable treatment summaries, etc. using the Classification by Exception form (Attachment B).

Item 5.b. on the Classification Exception form shall be coded as follows: [X] PRB Recommendation. Provide the PRB recommendations and decision date in the space provided.

3) **Request for assignment of an <u>active</u> validated member of an unsanctioned** prison group (STG) to higher or lower custody: Using the Classification by Exception form (Attachment B), provide documentation that the EAI (Enforcement, Apprehensions, and Investigations Unit) has designated the individual an "Active Validated STG member" <u>and</u> the individual requires greater supervision than that indicated by his point-based item score. STG members who are not active or have renounced their affiliations should not be recommended for a custody exception based on their STG status.

Item 5.c. on the Classification Exception form shall be coded as follows: [X] Active validated gang member.

4) **General Security/Case Management Recommendation:** All requests for exceptions to the custody classification indicated on the initial assessment or reassessment not included above.

Item 5.d. on the Classification Exception form shall be coded as follows: [X] General Security/Case Management. Indicate whether the recommendation is for a more or less restrictive custody level by placing an <u>X</u> in the appropriate box.

- **Need for Objective Documentation**

A major premise of this classification system is that the score for each criterion is supported by appropriate documentation.  This means that appropriately documented official criminal justice system records should be used.  This also means that KDOC personnel must base judgments about the individual's behavior(s) on appropriately documented professional diagnosis or staff observations.  This requirement of written documentation is essential to support and confirm the application of the objective classification criteria.

- **Revision Dates**

Some items of the classification criteria are time-limited.  That is, there are dates after which the item, as coded, becomes invalid and requires revision.  Such revision, however, may or may not result in an actual custody change.  The significance of revision dates is explained in the discussion of non-routine reclassification below.

- **Active and Inactive Sentences**

The point and non-point-based items consider both the severity and sentence of the current and prior convictions. Scoring the individual's criminal record is dependent on whether the conviction or sentence is active defined as:

- o **Active Sentence/Conviction**: A sentence currently being served, must be served before eligibility for release, or for which the individual is serving a post-incarceration violation. An indeterminate sentence of LIFE, LIFETIME post-release, or having a maximum term of LIFE, an indeterminate sentence is scored as <u>active.</u>

- o **Inactive Sentence/Conviction**: A sentence that has been satisfied in full, including both the prison portion and any post-incarceration supervision associated with the case.

## G.  Types of Custody Assessments

1) **Initial classification:**  The classification committee completes the initial custody assessment. For those referred to the Reception and Diagnostic Unit for evaluation, the initial classification will take place upon completion of the assessment but <u>prior</u> to transfer to another institution. Create an Initial Classification Record for individuals whose admission type is coded as a New Court Commit (NCC), Probation Violator - New Sentence (PB-NS), Probation Violator – No New Sentence (PB-NNS), Probation Violator – New Conviction (PB-NC), for an in-absentia or corrections compact case that does not have a current custody classification, or if a new conviction is received after completion of the initial custody assessment.

An initial classification instrument must also be completed if the individual was:
1) Returned from court with a new sentence; or
2) Released to a detainer by the PRB upon reaching his guidelines release date, conditional release date, or maximum sentence expiration date <u>but</u> was returned to prison with a new sentence.

Except as provided below, consider all active convictions when scoring the most serious active offense (Item 1) and not as a prior conviction (Item 4).

o   Except as provided in the scoring instructions for Item 1, do not count convictions for which the prison portion has been satisfied in Item 1.

o   With limited exceptions, LIFE sentences or sentences with a maximum term of LIFE remain active even upon the individual's parole or release. Therefore, convictions carrying a LIFE sentence must be scored as the Most Serious Active Offense (Item 1).

Any unscheduled classification occurring subsequent to the initial classification but prior to the first regularly scheduled reclassification shall be scored using the initial classification criteria. It is essential to compute the "next custody" date correctly. For unscheduled initial custody assessments, the review date is the first regularly scheduled reclassification date, not the review code for assessing the point-based items.

An initial classification shall be completed using the KDOC gender-specific Initial Classification Instrument according to the facility to which the individual is assigned.

2) **Reclassification**: A custody reclassification is any regularly scheduled classification action that occurs after the initial classification (including a  condition violator admission). There are two types of custody reclassifications: (a) regular or routine and (b) unscheduled.

(a) **Regular or Routine:**  For all individuals, reclassifications shall occur at scheduled intervals using the KDOC gender-specific reclassification instrument according to the facility to which the individual is assigned.

o   **180-day classification review:** Schedule the first regular custody review six months/180 days from the date the classification committee completes the initial custody assessment.

o   **Annual classification cycle:** Schedule the next custody assessment 12 months from the completion date of any subsequent custody re-assessment.

(b) **Unscheduled:**  Unscheduled reclassifications shall occur if:
o   A risk factor revision date changes or expires;
o   The score for a point-based item changes;
o   An individual's status for a non-point-based item changes; or
o   New information applicable to any of the point- or non-point-based items is received.

8

A custody classification must be reviewed and updated regardless of whether the unscheduled event adds or subtracts custody points, identifies new system risk factors, or does not change the individual's custody level. A non-routine reclassification may or may not revise the custody assignment. For example, the addition of a single point may change the custody level if the original total point score was borderline between custody levels. On the other hand, adjustment of the total point scores within the mid-range of the scale would not change the custody level. However, if the total points score is not current, the cumulative impact of several instances of adding a single point may go unnoticed.

3) **Special Management Status Reviews:**    Individuals in need of enhanced supervision may be assigned to special management status for one or more reasons. If the reason(s) for assigning an individual to special management change (e.g., from pre-hearing detention to protective custody), rather than recreate an entire classification record to document a special management status change, the counselor may create a "Change in Special Management Status" record. Only the reason(s) for the special management assignment can be modified when such an option is selected.

## II.  Specific Coding and Scoring Instructions for Each Custody Item

### A.  Identifying Information

Provide the following information in the spaces provided:

- **KDOC #:** Enter the individual's seven-digit number.
  - o  Include any necessary preceding zeros.

- **Name:** Enter the first three letters of the individual's last name.

- **Type of Assessment:**
  - o  Initial
  - o  Reclassification
    - ▪  Regular or Unscheduled
  - o  Special Management Status Change/Review

- Date of Assessment – Actual date (mo/day/yyyy) this custody assessment is initiated.

## B. Risk Factor Scoring

### Item 1: Most Serious Current Conviction

For the custody assessments for men, score the item as:

| Severity Level | Men | |
|---|---|---|
| | Initial | Reclassification |
| Greatest | 9 | 6 |
| High | 8 | 5 |
| Moderate | 2 | 2 |
| Low | 1 | 1 |

### Intent of Item 1:

Due to the potential ramifications of incidents involving individuals with serious convictions, the behavior involved in the current offense must be considered an important factor for setting the appropriate supervision level. Such consideration is essential if conviction involved death, personal injury, or threat of harm to the victim.

The statutory violation for which the individual was tried and convicted sometimes does not always reflect the severity of the offense.  Thus, the staff member must review the description of the offense to identify any elements that suggest a need for more intensive supervision.  If there are behaviors outside of the crime of conviction that warrant a higher level of supervision, request a custody exception.

### Scoring Instructions:

The offenses are categorized according to their severity and threat to institutional safety.  Except as indicated below, **score** the most serious <u>active</u> conviction regardless of when the crime occurred. Active convictions include all offenses for which the sentences are currently being served, must be served before eligibility for release, or for which the individual is serving a post-incarceration violation.

The severity of a crime is scored as Greatest, High, Moderate, or Low. See Attachment C for the Offense Severity Table.

Aiding and Abetting, Attempts or Solicitation, and Conspiracy shall be scored the same as the actual underlying offense.

Individuals returned to prison as post-release supervision (PRS) condition violators (determinate sentences) with no new sentence, who are not serving a LIFE sentence, shall have this item scored as Low severity.

An individual returned to prison as post-release supervision (PRS) violators with a new sentence, who are not serving a LIFE sentence, shall have the new sentence for which the individual was returned to prison coded as his current offense in accordance with Attachment C.  The crime for which the individual was on post-release supervision becomes history; score the sentence, if applicable, in Item 3 – Prior Conviction Severity.  Note: If the individual received <u>probation</u> on the new offense, score as a condition violator, i.e., low severity offense. Document the new conviction in the comments section of the custody assessment.  Upon reviewing the official description of the offense and court record, if the new conviction indicates an increase in the level of risk, staff shall request an exception.

Individuals returned to prison as parole condition violators (indeterminate sentence) shall have the most serious active conviction coded in this section in accordance with Attachment C.

If a probation violator is admitted with a new sentence, to determine the most serious active offense for Item #1, consider the severity of the original offense for which the offender was sentenced to probation <u>and</u> the offense resulting in the probation violation.

Individuals serving indeterminate sentences who return to prison with a new indeterminate or determinate sentence shall have the most serious active conviction scored in this section. (Consider both the indeterminate or determinate sentence as active convictions.) If the most serious active conviction is associated with the indeterminate sentence, upon parole to the determinate sentence, the indeterminate sentence shall be treated as history, except as provided below. For example:

> Individual was incarcerated for an indeterminant sentence for robbery and determinant sentence for possession of controlled substance. Consider both convictions, i.e., the robbery is the most serious conviction. On his parole from the robbery to the drug-related charge, score the drug offense as the most serious conviction. The robbery becomes a prior conviction, if the conviction was within the last 15 years.

Individuals paroled from a LIFE sentence or a sentence with a maximum term of LIFE to a determinate sentence shall continue to have the LIFE sentence scored as a current conviction/sentence as long as the LIFE sentence is active.

If the individual is sentenced for a new conviction due to court action while in KDOC custody, a new custody record shall be created. The new record shall be coded as an Initial Classification.   Consider all active sentences when scoring severity of the current conviction.

**Item 2: Escape History and Characteristics**

| Escape History and Characteristics | Initial | Reclassification |
|---|---|---|
| Any escape with special characteristic(s) | 8 | 8 |
| Secure less than 10 years | 6 | 6 |
| Non-secure less than 3 years | 4 | 4 |
| 2+ escapes from non-secure facilities less than 10 years | 2 | 2 |
| None | 0 | 0 |

**Intent of the Item:**

Previous escapes or attempted escapes may predict a tendency to repeat the behavior.

Convictions for an attempted escape or aiding and abetting an escape/attempted escape shall be treated the same as an escape.

The time period for considering an escape is based on the date of the most recent conviction either in court or through the disciplinary process. This item only applies to escapes from confinement, while under escort, or while in court. It does not include convictions for failure to appear. If the individual was under police escort or under police escort and out to court, score as an escape from a secure facility. If the individual was out on bond and walked or fled from the court, it is considered an escape from a non-secure facility.

If there is no conviction for a particular escape or an aggravated juvenile delinquency involving escape behaviors, either in court, by the disciplinary process, or by a revocation of probation for absconding from a community corrections facility (Johnson or Sedgwick County), then the item SHALL NOT apply. If, however, revocation from a community corrections facility was the direct result of absconding, score the behavior as an escape from a non-secure facility.

If other escape-related behaviors are documented for which there is no conviction, an exception shall be considered. Escape-related behaviors involving an arrest for which there was no conviction (plea bargains) shall be noted in the comment section of the assessment instrument even if an exception is not submitted.

**Scoring Instructions:**

Score the escape according to the type of facility from which the flight occurred and the conviction date for the escape behavior. Both felony and misdemeanor convictions resulting from an unauthorized absence from an adult or juvenile facility, jail, holding/detention facility, community corrections facility, conservation camp, or work release shall be considered an escape and scored for this item.

13

**Scoring multiple escape events**: The highest scoring event shall be scored until such time as it no longer applies. Subsequent custodies shall be scored using the multiple escape coding and shall expire ten (10) years from the date of the most recent escape conviction. If the multiple escapes include escape from a secure facility, score as six (6) points until the ten (10) years from the most recent secure facility escape expire. Likewise, if there was an escape from a non-secure facility, score as four (4) points until the three (3) years for the escape from the non-secure escape expire.

Escapes represent a particular type of behavior that must be tracked closely. Escapes shall be scored in this item as applicable, even if not scored as a current or prior conviction. For example, a probationer was sentenced to a community residential facility and then escaped. He was granted probation for the escape, but the original probation was revoked. Per instructions above, the escape would not score as current or prior criminal history. However, the escape behavior score under "Escape History" regardless of its role in the probation violation.

**Scoring the Type of Facility:** Score escape events according to the type of facility or custody level from which the individual escaped:

- **Secure facility or Escort:** Escape from minimum, medium, or maximum <u>custod</u>y, or escape from a non-secure facility with violence, force, or threat of violence.
- **Non-secure facility**:  Escape from an outside work detail, work release, or community corrections residential facility.

<u>**Scoring Special Characteristics of an Escape:**</u> The risk associated with an escape or escape attempt is magnified when the action involved violence, taking of hostages, weapons, outside assistance, or an escape plan.  (An escape plan may include paraphernalia such as rope, handcuffs, blueprints, etc.)  The commission of a felony while on escape intensifies the risk to the public.  The intent is to identify and score those high-risk characteristics documented in the individual's previous escape record.

While it is recognized that the use of a sophisticated escape plan in prior escapes or attempted escapes indicates a need for enhanced security measures, it is also recognized that any escape or attempted escape would require at least momentary premeditation. Therefore, the intent of this item is to identify those escape characteristics, which indicate a level of planning and sophistication that is clearly above that which would be minimally required to take advantage of an opportune moment.  This item shall not be coded unless there is clear documentation of such circumstances.  Examples of an escape plan include, but are not limited to, letters to family indicating a plan to escape, investigation reports indicating other individuals created a diversion to distract attention from the attempt, maps of escape routes, or manufacturing tools required to facilitate the escape plan.

Sources of information on the escape characteristics include official reports and documented information in files. Such information may reference one or more of the following escape characteristics. If the escape event did not involve one of the special characteristics listed below, but the elements of the escape were significant, document the specific elements of the escape.

When scoring the special characteristics for an escape or attempted escape include:
1. Taking of hostage(s)
2. Violence or inflicting harm
3. Weapon(s)
4. Commission of a felony while at large
5. Outside assistance
6. Escape plan (premeditated)
7. Other

**<u>Revision Date</u>**:

Indicate the revision date in the space provided.

15

**Item 3: Severity of Prior Convictions during the last 15 years**

For all -- initial and reclassification custody assessments -- score the item as:

| Severity of Prior Convictions | Initial | Reclassification |
|---|---|---|
| Greatest | 4 | 3 |
| High | 3 | 2 |
| Moderate | 2 | 1 |
| Low | 1 | 0 |
| None | 0 | 0 |

**Intent of Item:**

The intent of this item is to ensure that the individual's prior criminal behaviors, in addition to any current behaviors, are considered in assessing his overall risk to institutional safety and security. The prior criminal history item is based on official criminal history data. For the purpose of this item, consider prior adult felony convictions or juvenile felony dispositions using the "Offense Severity Category" (Attachment C) verified to have occurred during the past fifteen (15) calendar years. Do not consider prior charges which were dismissed or for which a disposition cannot be verified. Score any out-of-state and federal felony conviction using the Kansas offense that best resembles the out-of-state conviction.

Aiding and abetting, attempts, solicitations, and conspiracy offenses shall be scored the same as the actual offense.

**Scoring Instructions:**

When considering prior convictions, the 15-year limit shall be computed as the current custody assessment date minus fifteen years.

Once an individual is paroled from an indeterminate to a determinate sentence, the indeterminate sentence is scored as a prior conviction if the conviction occurred within the last 15 years.

Except as provided below, convictions for which the individual receives a determinate sentence cannot be scored as Current Offense and as Criminal History.
If the inmate is convicted of a new offense committed while in prison, the most serious active offense is scored in Item 1: Most Serious Current Conviction. The original offense (the one on which the inmate was admitted) is scored as Item 3: Most Serious Prior Conviction. If the original offense was also the most serious, it shall also be scored under Item 1.

Convictions expunged within the last 15 years of the custody assessment are counted as criminal history.

**Item 4: Current Age**

| Current Age | Points |
|---|---|
| 26.99 years or younger | 3 |
| 27 – 31.99 years | 2 |
| 32 – 42.99 | 1 |
| 43 – 61.99 years | 0 |
| 62+ years | -1 |

**Intent of the Item:**

Age has been shown to be statistically correlated with institutional adjustment.

**Scoring Instructions:**

The computer will generate this item by subtracting the individual's date of birth from the date of the classification action.

**Revision Date:**

This date is computer-generated based on the month and year of the individual's next birth date that will change the points scored.

**Item 5: Institutional Adjustment**

| Institutional Adjustment | Initial | Reclassification |
|---|---|---|
| 2+ Predatory within 2 years | 14 | 14 |
| 1 Predatory within 12 months | 10 | 10 |
| 2+ Aggressive within 2 years | 9 | 9 |
| 1 Aggressive within 12 months or <u>Active</u> Validated Security Threat Group Member | 6 | 6 |
| 1+ Rule 2 Infractions: Disruption of Facility Management within 12 months | 3 | 3 |
| 1+ Rule 3 Infractions: Problems Behaviors within 12 months | 1 | 1 |
| 0 Rule 1 – 3 Disciplinary Reports within 12 months but has 2+ Rule 4 Disciplinary Reports and/or 2+ Summary Violations | 0 | 0 |
| 1 Summary Violation and/or 1 Rule 4 Disciplinary Report | | -1 |
| 0 Summary Violations and 0 Disciplinary Reports within 12 months | | -2 |

**Intent of the Item:**

Demonstrated poor adjustment in correctional and detention facilities provides information relevant for determining the level of supervision required for the individual. The expectation of the item is that the individual will have zero (0) Rule 1 - 3 disciplinary reports.  Negative points, i.e., -1 for 1 Summary Violation and/or 1 Rule 4 Disciplinary Report or -2 for 0 Summary Violations and 0 Disciplinary Reports within 12 months recognizes the individual's good behavior and low risk for disruptive/problem institutional behaviors.

At the time of Initial Classification, the individual may not have been in KDOC custody for a sufficient length of time to adequately observe behavioral problems and attitudes that may detract from his ability to adjust to the new and varied conditions of prison life.  Documented negative behaviors during jail detention are indicators of poor adjustment to the conditions of confinement in prison.   Predatory and Aggressive infractions are not meant to be combined.  For instance, one Predatory and one Aggressive DR cannot be combined to form a category with a revision date of two years.  It must be two of the same category.

**Scoring Instructions:**

Refer to the Categories for Rule Infraction form (Attachment D) for a listing of rule infractions by the level of seriousness.

**Prior Incarceration:** Information about past behavior in prison is deemed appropriate if the behavior occurred within the last two calendar years. Set the revision date for each disciplinary infraction according to the date of hearing at which the individual was found guilty of the infraction. (NOTE: If there was only one (1) predatory infraction with a finding of guilt during the last twelve months, score category 2. If there are two or more predatory convictions within the last two years, score as category 1.)

**Local detention:** If the behavior occurred at a local detention facility before transfer to the KDOC, it shall be scored for any custody assessment if there is documentation as to circumstances of the violation, the behavior would have violated a predatory or aggressive rule infraction if committed in a KDOC facility, and the behavior occurred within the applicable revision date for the category.

The categories within the Institutional Adjustment item are arranged in a hierarchy of seriousness, from most to least severe. Code only <u>one</u> category to reflect the individual's history of institutional adjustment. In the instance that several applicable categories, select the most serious category to score.

For purposes of determining the custody level, score summary judgments pursuant to KAR 44-13-201b as a violation. The purpose of the summary judgment process is to expedite the disciplinary process. The violation must still be considered when assessing the overall level of institutional adjustment at reclassification. For custody reassessments, count the number of summary violations during the last 12 months, regardless of the specific rule(s) violated.  Summary judgments will not be scored on initial custodies.

**Revision Date:**

Indicate the month and year for the revision date in the space provided. Set the revision date according to the date of the disciplinary hearing at which the individual was found guilty of the rule infraction.

**Item 6: Time Remaining to Serve**

For all initial custody assessments, score the item as:

| Men | |
|---|---|
| Time to Serve | Initial |
| Life or 30+ years | 3 |
| 5 – 29.99 years | 2 |
| Less than 5 Years | 0 |

**Intent of the Item:**

There is a relationship between a man's potential for adverse behavior and the amount of time remaining to be served. The basis for this is twofold: (1) the more time invested in a sentence, the less likely the individual is to risk jeopardizing his record, and (2) the more time served, the more likely institutional factors will have affected the individual.

The projected release date is either the: (1) parole eligibility date; (2) conditional release date; (3) projected guidelines release date; (4) maximum sentence expiration date; or (5) sentence discharge date.

**Scoring Instructions:**

1. For all initial custody assessments consider the projected release, conditional release, maximum sentence expiration, guidelines release, guidelines discharge date to determine the projected release date. This item is not scored at reclassification for the men. A LIFE sentence, a sentence with a maximum term of LIFE, and Lifetime Post Release shall always be scored as LIFE remaining until a PRB decision has been published. Once the PRB decision has been published, the Time Remaining to Serve item shall still be scored as LIFE until the **PRB** issues a decision to grant parole. Items 10.4 and 10.5 may still apply based on scoring instruction for those items.

2. Calculate the time between the current date of action and the projected release date.
   - Initial Assessment - Use the most recent admission date as the current date of action.
   - Reassessment - Use date of classification as the current date.

3. Indicators:

- A Guidelines Indicator -- If the individual is serving an <u>aggregate consecutive</u> indeterminate-determinate sentence, calculate the time remaining to serve by adding the time remaining until the projected release date on the indeterminate sentence to the time owed on the determinate sentence less the maximum potential good time credits (15% or 20%). Except for those serving an indeterminate sentence of LIFE, LIFETIME post-release, or having a maximum term of LIFE, the indeterminate sentence shall become inactive upon release.

- C Guidelines Indicators – If the Individual is serving aggregate <u>concurrent</u> indeterminate-determinate sentences, the projected release date shall be computed on whichever sentence results in his latest release date from prison.

**<u>Revision Date:</u>**

If the individual is five (5) or more years from his projected release, a revision date must be entered in the space provided in the scoring guide.

Individuals serving sentences of LIFE or sentences with a maximum term of LIFE shall be scored under category 1 (3 points) until the Prison Review Board issues a decision of parole or parole to the determinate sentence. Enter the revision date as 12-31-9999.

**C.  Point-Based Custody Level**

| Custody Level | Men | |
|---|---|---|
| | Initial Points | Reclassification Points |
| Minimum | 0 to 6 | Lo to 7 |
| Low-Medium | 7 to 11 | 8 to 15 |
| High-Medium | 12 to 15 | 16 to 23 |
| Maximum | 16+ | 24+ |

**<u>Scoring Instructions</u>:**

This item is <u>computer-generated</u>.

## III. Non-Point-Based Items

**Intent of the Non-Point-Based Items:**

A characteristic or status that may either expand or limit the level of risk the Department is willing to accept and thus impact the custody level and supervision to which the individual is assigned. Application of a non-point-based item does not prohibit a request for an exception.

**Scoring Instructions:**

Mark every non-point-based item applicable to the current custody assessment. The highest custody level indicated by the applicable items will control the final custody level. If none of the categories apply to this custody assessment, mark 10.30 -- None.

10.1    Refuses RDU Evaluation or has multiple (more than one) convictions for murder and has more than 50 years remaining to serve - Requires no less than **Maximum** custody

_____

10.2    Pending disciplinary report that will change custody level to maximum - Requires no less than **Maximum** custody.

_____

10.3    Resides at EDCF, LCF, LSSH, or TCF in a behavioral health unit. Requires no less than **High-Medium** custody.

_____

10.4    Twenty or more (20.0+) years to serve to projected release – Requires no less than **High-Medium** custody.

_____

10.5    Ten or more (10.0+) years to serve to projected release – Requires no less than **Low-Medium** custody.

_____

10.6    High-risk for civil commitment as a violent sexual predator – Requires no less than **Low-Medium** custody.

_____

10.7    Any active detainer or judgment for a felony charge(s) – Requires no less than **Low-Medium** custody.

_____

10.8    Refuses or was volitionally terminated from a facility-based sex offender's treatment program – Requires no less than **Low-Medium** custody.

_____

10.9    An Immigration and Customs Enforcement (ICE) Detainer has been filed or the individual was foreign-born and his immigration status is unknown - Requires no less than **Low-Medium** custody.

_____

10.10   Any detainer for probation or parole violation – Requires no less than **Low-Medium** custody.

_____

10.11   Two or more (2+) detainers for pending misdemeanor charges or judgments likely to result in additional time – Requires no less than **Low-Medium** custody.

_____

10.12   Pending disciplinary report that will change custody to medium – Requires no less than **Low-Medium** custody.

_____

10.13    Behavioral health recommends higher custody (explain in
        comments) – Requires no less than **Low-Medium** custody.    _____

10.14    Has an indeterminate life sentence and the PRB has not
        recommended a reduced custody and/or work release – Requires
        no less than **Low-Medium** custody.  This does <u>not</u> apply to PRS
        violators that have lifetime post-release supervision.    _____

10.15    A misdemeanor conviction(s) or pending charge(s) detainer – Does
        <u>not</u> impact custody.    _____

10.16    Notification only detainer – Does not impact custody.    _____

10.30    None of the non-point-based items are applicable.    _____

Use the following criteria to define a violent sexual predator for Item 10.6. One or more
(1+) of the following applies to the individual:

- Scores high (6-11) on the Static 99.
- Is managed as a sex offender and scores high (41+) on the LSI-R, 30+ on the
  LSCMI.
- Is high-risk to be civilly committed as a violent sexual predator per the
  Multidisciplinary Team (MDT).
- Has a conviction for a sex offense or a sexually motivated offense committed
  after the completion and/or participation of a sex offender treatment program.

Once a decision not to pursue civil commitment has been made, the resident shall
no longer be considered high-risk for item 10.6.

Use the following criteria to code 10.4 and 10.5 regarding Time Remaining to Serve
(remember to check release dates and PRB decisions):

- LIFE sentence or lifetime post-release returned to prison as a violator shall be
  scored 10.4 until the PRB decision has been published, at that time the PE (Parole
  Eligibility) date shall be used to determine if 10.4 or 10.5 are applicable.  For
  example, a resident with a LIFE sentence that hasn't seen the PRB for the first
  time, shall have 10.4 checked.  Another example is a resident that has lifetime post
  release and came back to prison as a violator shall have 10.4 marked until they see
  the PRB.
- For individuals serving the prison portion of their determinate sentences, use the
  projected guidelines release date to determine if 10.4 or 10.5 is applicable.
- For individuals serving indeterminate sentences, use the earliest of the following
  dates – PE (Parole Eligibility), CR (Conditional Release), or SDD (Sentence
  Discharge Date) -- to determine if 10.4 or 10.5 is applicable.

**<u>If there are pending felony charges that will result in a resident being detained in
custody at a local detention center if not incarcerated, 10.7 shall apply.  If the resident
bonded out, it shall not apply unless a detainer is filed.</u>**

## IV. Special Management Needs:

### A. Restrictive Housing Needs

Indicate if the individual needs to be segregated:

1. ___ No
2. ___Yes

If yes, select Disciplinary Segregation, Administrative Segregation, or both.

___ Disciplinary Segregation (DS)
___ Administrative Segregation (IMPP 20-104)

If Administrative Segregation is applicable, indicate <u>all</u> appropriate categories:

1. ___ Consistent Bad Behavior (BB)
2. ___ Communicable Disease (CD)
3. ___ Sentenced to Death for a Capital Offense (CP)
4. ___ Extreme Risk of Escape (ER)
5. ___ Holdovers (HO)
6. ___ Mental or emotional problems create a threat to self or others (MP)
7. ___To Prevent Other Security Concerns (OS) -- indicate all concerns:
    a. Communication and collaboration between residents
    b. Further disruption of the facility
    c. Intimidation of witnesses or accusers
    d. Refusal to participate in identification procedures
    e. Other:_____
8. ___ Critical Monitoring (OT)
9. ___ Protective Custody (PC)
10. ___ Pre-hearing detention (PD)
11. ___ Pending results of an investigation (PI)
12. ___ Protection from Other Residents (PS)
13. ___ Self-injury (SM) – indicate the appropriate category(s):
    a. Current threats or self-injurious behaviors
    b. History of self-mutilation or self-injury
14. ___Violent Behavior (VB)

**<u>Intent of the Item:</u>**

This item is designed to identify individuals who require isolation from others due to a special status.

**Scoring Instructions:**

Identify the appropriate category(s) according to the individual's current segregation need(s). An individual may be assigned to two or more categories at one time.

If the individual's status changes within administrative segregation or from disciplinary segregation to administrative segregation, but none of the point or non-point-based items changes, his segregation status may be updated without creating a new custody record. To do so, place an "X" in the space immediately preceding "Special Management Status" under Type of Assessment.

Note: All individuals sentenced to Death under KSA 21-3439 shall be classified as Special Management unless approved for a less restrictive custody level by the Secretary of Corrections or designee.

**Coding Instructions:**

A revision date <u>must</u> be entered when assigning an individual to disciplinary segregation. The revision date is the date the total disciplinary segregation time ends.

Status changes within Special Management, as identified above, do not require a new custody record if none of the point- or non-point-based items changed. Place an "X" in the space preceding "Special Management" on the data entry screen to access the Special Management status menu.

If a Special Management record is open, the scorer needs to mark "Yes" for segregation. Once the date is closed, the program will return to the segregation question, which may then be marked "No".

**B. Assigned Custody Level**

The computer will assign the individual to the most restrictive custody level <u>according to</u> the highest custody level indicated by the Point-Based Items, Non-Point-Based Items, or the Special Management considerations.

## V. Condition Violators and Prison Sanctions from Probation

Indicate whether the "Condition Violator Rule" Applies?

1.  ___ Yes
2.  ___ No

Apply the Condition Violator Rule (condition violator/prison sanction assigned to minimum custody) if questions 1, 2, and 3 as listed below were answered as "Yes"  and questions 4, 5, and 6 were answered as "No."

The computer will generate the response "Yes" or "No" to the following questions:
1.  ____ Was the resident's most recent admission to prison for a post-release supervision (PRS) violator NNS (No New Sentence, i.e., a condition violator) or Prison Sanction?
2.  ____ Was the resident assigned to medium or minimum custody level at the time of his most recent prior release?
3.  ____ Is the resident within 90 days of his scheduled (projected) release date?
4.  ____ Is the resident's current custody level "Maximum" based on the point-based classification items?
5.  ____ Are any of the non-point-based categories 10.0 through 10.13 or special management statuses applicable?
6.  ____ Does the resident score as medium custody due to the points scored for Escape History or Institutional Adjustment?

### Intent of the Item:

KSA 75-5210(b) provides for the presumption of minimum custody for post-release supervision violators who meet the criteria set forth by the Secretary of Corrections. Such status shall apply only to the first classification conducted upon the individual's return to prison as a PRS NNS. All custody classifications for post-release supervision violators shall consider these items.

This item applies only to individuals returned to prison from post-release supervision with no new sentence and individuals sentenced to a prison sanction from probation. This item does not apply to individuals serving indeterminate, lifetime post-release, or off-grid sentences. Always check for active wants and warrants prior to an individual's placement in a minimum-security living area. All other custody items shall be coded to ensure that the individual's custody level at the time of his prior release correctly reflected his threat to institutional safety and security.

It is the responsibility of the staff member completing the custody record to review the "Transportation Memo" and "Statement of Charge" prepared by Field Services

staff to ensure that all risk behaviors are considered prior to assignment to minimum custody.

## VI. Classification Exception Requested

Is an exception being requested?

1. _____ No
2. _____ Yes

Requested Custody Level: _____

Type of Exception Request:
a.___ Re-entry
b.___ PRB recommendation
c.___ Active member of a Security Threat Group
d.___ General Security/Case Management

**Intent of the Item:**

This item identifies any exceptions sufficiently serious to warrant modification of the custody level. This item also enables the facility staff to recommend an exception to the individual's custody classification to the Deputy Secretary.

**Coding Instructions:**

If no exception is recommended, enter "No" on the Custody Classification Record. If an exception is recommended, enter a "Yes" on the Record.

If an exception is recommended, a "Classification Exception Form" (Attachment B) must be completed. The computer will generate an Exception Form indicating the individual's current location, name, KDOC#, and custody level as per the classification criteria.

The user must enter the proposed custody level and the type of exception on the Exception Form.

The section titled "Reason for Recommendation" is a comment section to include any information concerning aggravating or mitigating circumstances that support the proposed custody classification as well as an assessment of the individual's risk to public safety and institutional order.

The Classification by Exception Form (Attachment B), the coding sheet, and all necessary supporting documentation not in OMIS must be sent to the Central Office for the review and approval of the Deputy Secretary or designee. Following the Deputy Secretary's (or designee's) review and decision, Central Office staff will code the Exception Form to reflect the decision. The Deputy Secretary's approval of an

exception will be carried forward and automatically reflected on subsequent classification records. For subsequent reclassifications, the Deputy Secretary need not review approved custody exceptions to a lower custody level, so long as there have been no changes to the classification record which result in an increase in the custody level due to change in the point-based total score, a non-point-based criteria, or Special Management status **and** no further decrease in the custody level is requested. If the total point score increases under any subsequent reclassification, the custody level shall revert to that prescribed by the criteria until another exception is approved by the Deputy Secretary.

Except as provided below, if the recommendation is for an exception for assignment to a higher level of custody, (Attachment B) must be resubmitted at each subsequent reclassification for review by the Deputy Secretary.

The revision date for an exception to elevate the custody level of an active validated security threat group member shall be set as two years (24 months) from the date the exception was approved by the Deputy Secretary. Enter the revision date in the space provided.

## VII. Facility Custody/Next Custody Due:

This item indicates the custody level to which the resident is assigned:

Special Management
Maximum
High-Medium
Low-Medium
Minimum

On recommendation for an exception to a <u>more restrictive</u> custody level than prescribed by the criteria, enter the proposed new custody level.

On recommendation for an exception is to a <u>less restrictive</u> custody level than prescribed by the criteria, enter the custody level prescribed by the criteria. Following action by the Deputy Secretary, the item will be modified by central office staff to indicate the assigned custody level. In essence, no reduction in custody classification assignment shall be effective until approved by the Deputy Secretary. An increase in custody level by exception shall be considered approved unless an action to reverse the exception is taken by the Deputy Secretary.

Set the next custody date according to the date of the next regularly scheduled reassessment custody.

For example, an initial custody is completed March 2024, the next custody due date will be September 2024. In September 2024, a reassessment custody would be completed with a next custody due date of September 2025.

**Attachment A: Gender-Specific Custody Classification Instruments**

| Initial Classification – Men | | |
|---|---|---|

| Name: | | KDOC#: |
|---|---|---|
| (Last)                    (First)                    (MI) | | |

| Current Date: | | Next Classification Date: | |
|---|---|---|---|

| Type of Classification Assessment:    Intake    Post-Disciplinary Review    New Information | | |
|---|---|---|

| Risk Factor | Points | Score |
|---|---|---|
| 1.  MOST SERIOUS CURRENT CONVICTION | | |
|     Greatest Severity | 9 | |
|     High Severity | 8 | |
|     Moderate Severity | 2 | |
|     Low Severity | 1 | |
| 2.  TIME REMAINING TO SERVE | | |
|     Life or 30+ years | 3 | |
|     5 – 29.99 years | 2 | |
|     Less than 5 years | 0 | |
| 3.  ESCAPE HISTORY | | |
|     Escape with special characteristic(s) | 8 | |
|     Secure less than 10 years | 6 | |
|     Non-secure less than 3 years | 4 | |
|     Multiple escapes from non-secure facilities less than 10 years | 2 | |
|     None | 0 | |
| 4.  SEVERITY OF PRIOR CONVICTIONS during the last 15 years | | |
|     Greatest Severity | 4 | |
|     High Severity | 3 | |
|     Moderate Severity | 2 | |
|     Low Severity | 1 | |
|     None | 0 | |
| 5.  INSTITUTIONAL ADJUSTMENT | | |
|     2+ Predatory within 2 years | 14 | |
|     1 Predatory within 12 months | 10 | |
|     2+ Aggressive within 2 years | 9 | |
|     1 Aggressive within 12 months or Active Validated Security Threat Group Member | 6 | |
|     1+ Rule 2 Infractions – Disruption of Facility Management – within 12 months | 3 | |
|     1+ Rule 3 Infractions – Problems Behaviors – within 12 months | 1 | |
|     None | 0 | |
| 6.  Current Age | | |
|     26.99 years or younger | 3 | |
|     27 – 31.99 years | 2 | |
|     32 – 42.99 | 1 | |
|     43 – 61.99 years | 0 | |
|     62+ years | -1 | |
| | **Total Score** | |

33

**Attachment A: Gender-Specific Custody Classification Instruments**

Using Total Score, determine the custody assignment according to the following scales:

| Custody Level | Initial Classification – Men |
|---|---|
| Minimum | 0 to 6 points |
| Low-Medium | 7 to 11 points |
| High-Medium | 12 to 15 points |
| Maximum | 16+ points |

**Attachment A: Gender-Specific Custody Classification Instruments**

| Reclassification Instrument – Men | | | | | |
|---|---|---|---|---|---|
| **Name:**_____ | | | | **KDOC #:** | |
| (Last) | (First) | (MI) | | **Date of Birth:** | |
| **Current Date:** | | | **Next Classification Date** | | |
| **Type of Classification Assessment:** Intake   Post-Disciplinary Review   New Information   Regular   Interim | | | | | |

| Risk Factor | Points | Score |
|---|---|---|
| 1.  MOST SERIOUS CURRENT CONVICTION | | |
| Greatest Severity | 6 | |
| High Severity | 5 | |
| Moderate | 2 | |
| Low Severity | 1 | |
| 2.  ESCAPE HISTORY | | |
| Escape with special characteristic(s) | 8 | |
| Secure less than 10 years | 6 | |
| Non-secure less than 3 years | 4 | |
| Multiple escapes from non-secure facilities less than 10 years | 2 | |
| None | 0 | |
| 3.  SEVERITY OF PRIOR CONVICTIONS – last 15 years | | |
| Greatest Severity | 3 | |
| High Severity | 2 | |
| Moderate Severity | 1 | |
| Low Severity/None | 0 | |
| 4.  INSTITUTIONAL ADJUSTMENT | | |
| 2+ Predatory within 2 years | 14 | |
| 1 Predatory within 12 months | 10 | |
| 2+ Aggressive within 2 years | 9 | |
| 1 Aggressive within 12 months or Active Validated Security Threat Group Member | 6 | |
| 1+ Rule 2 Infractions - Disruption of Facility Management - within 12 months | 3 | |
| 1+ Rule 3 Infractions - Problems Behaviors - within 12 months | 1 | |
| No Rule 1 - 3 Disciplinary Reports - within 12 months | 0 | |
| 1+ Summary Violations, but 0 Rule 1 – 3 Disciplinary Reports within 12 months | -1 | |
| 0 Summary Violations and 0 Disciplinary Reports within 12 months | -2 | |
| 5.  CURRENT AGE | | |
| 26.99 years or younger | 3 | |
| 27 – 31.99 years | 2 | |
| 32 – 42.99 | 1 | |
| 43 – 61.99 years | 0 | |
| 62+ years | -1 | |
| **Total Score** | | |

**Attachment A: Gender-Specific Custody Classification Instruments**

Using the Total Score, determine the custody assignment according to the following scale:

| Custody Level | Reclassification – Men Scale |
|---|---|
| Minimum | Lo to 7 points |
| Low-Medium | 8 to 15 points |
| High-Medium | 16 to 23 points |
| Maximum | 24+ points |

**Attachment B – Classification Exception Form**

**CLASSIFICATION EXCEPTION**

1. FACILITY: _____

2. RESIDENT: _____ _____
                 Last       First        Middle                 Number

3. CUSTODY CLASSIFICATION BY CRITERIA:

4. CUSTODY CLASSIFICATION PROPOSED:

5. Type of Exception:   a.   [ ] Re-Entry –Offender is within two years of release.
                               b.   [ ] PRB Recommendation _____
                               c.   [ ] Active Member of an Unsanctioned Prison Group
                               d.   [ ] General Security/Case Management [ ] More restrictive [ ] Less Restrictive

6. REASON for RECOMENDATION [Attach supplemental documentation if information is not in OMIS.]

7. Recommendation of Warden

   [ ] APPROVED          [ ] DISAPPROVED

_____
Warden                                               Date

8. Decision of Deputy Secretary or Designee

   [ ] APPROVED          [ ] DISAPPROVED

_____
Deputy Secretary, Facility Management Division            Date

**Attachment C – Offense Severity Scale**

| Offense/Severity Level | Statute # | Offense | Statute # |
|---|---|---|---|
| **Greatest** | | **Moderate** | |
| Agg, Battery – LEO | 21-3415/5413 | Abuse of a Child | 21-3609/5602 |
| Agg. Assault | 21-3410/5412 | Agg. Arson | 21-3719/5812 |
| Agg. Assault – LEO | 21-3411/5412 | Agg. Burglary | 21-3716/5807 |
| Agg. Battery | 21-3414/5413 | Agg. Indecent Liberties w Child | 21-3504/5506 |
| Agg. Escape | 21-3810/5911 | Agg. Indecent Solicitation (Entice) | 21-3511/5508 |
| Agg. Kidnapping | 21-3421/5408 | Agg. Interfere w Parent | 21-3422a/5409 |
| Agg. Robbery | 21-3427/5420 | Agg. Interference w Parent | 21-3829/5409 |
| Agg. Sexual Battery | 21-3518/5505 | Agg. Intimidation of a Witness | 21-3833/5909 |
| Agg. Sodomy | 21-3506/5504 | Agg. Juvenile Delinquency | 21-3611/R |
| Aggravated Trafficking | 21-3447/5426b | Agg. Incest | 21-3603/5604 |
| Aircraft Piracy | 21-3433 | Aiding a Felon | 21-3812/5913 |
| Att. Poisoning | 21-3417 | Aiding an Escape | 21-3811/5912 |
| Battery of a CO | 21-3413/5413 | Arson | 21-3718/5812 |
| Battery on MH employee | 21-3448/5413 | Burglary | 21-3715/5807 |
| Capital Murder | 21-5401 | Cont. to Childs Misconduct | 21-3612/5603 |
| Criminal Sodomy | 21-3505/5504 | Criminal Damage to Property | 21-3720/5813 |
| Criminal Use of Explosives | 21-3731/5814 | Criminal Threats | 21-3419b/5415a |
| Incitement to Riot | 21-4105/6201 | Elect. Solicitation of a Child (ADD) | 21-3523/5509 |
| Kidnapping | 21-3420/5408 | Enticement of a Child | 21-3509/R |
| Murder | 21-3401/5402 | Expose other to life-threatening communicable disease | 21-3435/5424 |
| Murder 2nd Degree | 21-3402/5403 | Fleeing and Eluding | 8-1568 |
| Premeditated Murder | 21-3439 | Identity Theft | 21-4018/6107 |
| Rape | 21-3502/5503 | Incest | 21-3602/5604 |
| Robbery | 21-3426/5420 | Indecent Libs w Child/Ward | 21-3503/5506 |
| | | Indecent Solicitation of a Child | 21-3510/5508 |
| **High** | | Kansas Offender Registration/Act-Failure to Register | 22-4903/4904 |
| Agg Criminal Threat | 21-3419a/5415b | Lewd & Lascivious Behavior | 21-3508b,c/5513 |
| Agg, Vehicle Homicide | 21-3405/5406 | Mistreat. of Dep. Adult-Physical | 21-3437/5417 |
| Criminal Discharge of a Firearm - unoccupied dwell | 21-4219a/6308 | Obstruction of Legal Process | 21-3808/5904 |
| Criminal Discharge of Firearm - occupied dwell/vehicle | 21-4219b/c/6308 | Poss. Of Burglary Tools | 21-3717 |
| Criminal Poss. Of Firearm | 21-4204/6304 | Prom. Sexual Perf./Minor | 21-3519 |
| Criminal use of Firearm/Weapon | 21-4201/6301 | Sex. Exploitation of a Child | 21-3516/5510 |
| | | | |

**Attachment C – Offense Severity Scale**

| Offense/Severity Level | Statute # | Offense | Statute # |
|---|---|---|---|
| **High – Continued** | | **Moderate - Continued** | |
| Domestic Battery | 21-3412/5414 | Stalking | 21-5427 (b) (1) (B) |
| Involuntary Manslaughter | 21-3404/5405 | Stalking | 21-5427 (b) (2) (B) |
| Involuntary Manslaughter - DUI | 21-3442/5405(a)(3) | Stalking | 21-5427 (b) (3) (A) |
| Possession of Firearm/Weapon | 21-4202/6304 | Stalking | 21-5427 (b) (3) (B) |
| Soliciting Gang Membership | 21-4227/6314 | Trafficking | 21-3446/5426a |
| Voluntary Manslaughter | 21-3403/5404 | Trafficking Contraband | 21-3826/5914 |
| | | Agg Child Endangerment | 21-5601 |
| | | | |
| | | **Low** | |
| | | All others | |
| | | Technical Violation of Post-Supervision Conditions | KSA 75-5210 |

39

**Attachment D – KDOC Disciplinary Infractions Scale**

| Rule Number | Section | Description |
|---|---|---|
| Predatory Infractions | | |
| 44-12-314 | | Sexual Activity, Sodomy, Agg Sodomy, Agg Sex Act |
| 44-12-319 | | Riot or Incitement to Riot |
| 44-12-323 | | Assault |
| 44-12-324 | | Battery |
| 44-12-901 | | Dangerous Contraband – when a weapon or object crafted for use as a weapon is involved |
| | | |
| Aggressive Infractions | | |
| 4-12-211 | (b) | Unauthorized Possession or Use of Telephone or other Communication Devices |
| 44-12-105 | (b) | Unsanitary Practices |
| 44-12-301 | | Fighting |
| 44-12-306 | | Threaten or Intimidation Any Person |
| 44-12-315 | (b) | Lewd Acts |
| 44-12-327 | | Interference W/Restraints |
| 44-12-328 | | Undue familiarity |
| 44-12-322 | | Arson |
| 44-12-1001 | | Viol Statute (Felony) |
| | | |
| Disruption of Management of Facility (R2) | | |
| 44-12-206 | | Debt Adjustment/Collection |
| 44-12-304 | | Disobeying Orders |
| 44-12-310 | | Misconduct in Dining Room |
| 44-12-311 | | Being in a Cond. Of Drunk, Intoxicant, Altered Con |
| 44-12-312 | | Use Stimulants, Sedatives, etc. |
| 44-12-318 | | Disruptive Behavior |
| 44-12-320 | (a) | Interference with Official Duties |
| 44-12-325 | (c) | Resident Activity; Limitations(c) |
| 44-12-401 | (a) | Work performance (a) |
| 44-12-502 | | Responsibility for Counts |
| 44-12-504 | | Interference W/Cell Oper/Visibility |
| 44-12-901 | | Dangerous Contraband-not involving a weapon/tobacco |
| Problem Behaviors (R3) | | |
| 44-12-103 | | Tattoos, Body Piercings, and Body Markings |
| 44-12-203 | | Theft |
| 44-12-204 | | Taking W/O Permission |
| 44-12-205 | | Unauthorized Dealing or Trade |
| 44-12-207 | | Gambling and Bookmaking |
| 44-12-208 | | Misuse of State Property |
| 44-12-209 | | Enter Contracts, Incur Fin Ob |
| 44-12-210 | | Accounts |
| 44-12-211 | (a) | Telephones and other Communication Devices |
| 44-12-212 | | Accessing Unauthorized Information |
| 44-12-303 | | Lying |
| 44-12-305 | | Insub/Disrespect Officer/Other |
| 44-12-307 | | Avoiding an Officer |
| 44-12-309 | | Kitchen Utensils or Shop Tools |

**Attachment D – KDOC Disciplinary Infractions Scale**

| Rule Number | Section | Description |
|---|---|---|
| 44-12-313 | | Obscenity (W/Children) |
| 44-12-313 | | Obscenity (W/O Children) |
| 44-12-315 | (a) | Lewd Acts |
| 44-12-317 | | Falsifying Documents |
| 44-12-321 | | Conduct Reg. Visitors/Public |
| 44-12-401 | (b) | Work performance (b) |
| 44-12-503 | (a&b) | Restricted Area and Unauthorized Presence |
| 44-12-505 | | Viol. Of Restriction |
| 44-12-601 | | Mail |
| 44-12-702 | | Leg. Assist by Inmates |
| 44-12-901 | | Two/+ tobacco Violation |
| 44-12-902 | | Less Dangerous Contraband |
| 44-12-903 | | Tobacco Contraband (includes 3rd violation of Subsection "c"-trafficking) |
| 44-12-1001 | | Viol Statute (Misdemeanor) |
| 44-12-1002 | | Violation of Published Orders (Class I) |

Nuisance
Behaviors (R4)

| Rule Number | Section | Description |
|---|---|---|
| 44-12-101 | | Inmate Clothing |
| 44-12-102 | | Personal Cleanliness |
| 44-12-104 | | Care of Living Quarters |
| 44-12-105 | | Unsanitary Practices |
| 44-12-106 | (a) | Hair Standards and Appearance |
| 44-12-107 | | Use of Safety Devices |
| 44-12-201 | | Regis. & Use Of Pers. Property |
| 44-12-202 | | Radios, TV, Musical Instrument. Other |
| 44-12-302 | | Noise |
| 44-12-308 | | Improper Use of Food |
| 44-12-325 | | Inmate Activity; Limitations (a & b) |
| 44-12-401 | (a&b) | Work Performance (c & d) |
| 44-12-501 | (c&d) | Answering Calls or Passes |
| 44-12-503 | | Restricted Area and Unauthorized Presence(c) |
| 44-12-505 | (c) | Medical Restriction |
| 44-12-506 | (b) | Change Name on JE, Convictions |
| 44-12-602 | | Posting Notices |
| 44-12-801 | | Bulletin Boards |
| 44-12-901 | | Dangerous First Tobacco Viol (Revised 09/02/03) |
| 44-12-902 | | Trafficking in Contraband (by way of 44-12-1001) |
| 44-12-903 | | Tobacco Contraband (includes 1nd and 2rd violation of Subsection "c"-trafficking) |
| 44-12-1001 | | Viol Statute/Other Reg/Orders (Other than a felony or misdemeanor.) |
| 44-12-1002 | | Violation of Published Orders (Class II or Class III) |