**Exhibit E**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SASHADA MAKTHEPHARAK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-2121-DDC-RES |
| ) | |
| **LAURA KELLY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' FIRST SET OF
## REQUESTS FOR ADMISSION TO PLAINTIFF

Under Fed. R. Civ. P. 36, defendants submit the following requests for admission to plaintiffs. Please indicate whether the Plaintiff ADMITS or DENIES each of the following:

### *Parole Hearing*

1. Plaintiff had a parole hearing on March 31, 2021.

    **ADMIT:** __X__      **DENY:** _____

2. The following exchange took place during the parole hearing:

    *(at timestamp 00:00)*

    MS. WARK: My name is Jeannie Wark. I'm a member of the prisoner review board, and I'm going to be conducting your parole eligibility hearing this morning. I am recording this, and there's a few things that I actually want to explain to you before we get started.  There's -- there's a couple of things -- you are considered to be a "youthful offender" because your crime was committed, I think, at the age of 16. And so with that –

    MR. MAKTHEPHARAK:  Yes.

    MS. WARK:  -- classification, we do a couple things different.  One, we record these hearings; and, number two, we provide you with a packet of information at least 30 days prior to your hearing. So I would like to confirm with you that you did get to what we consider the -- the youthful offender packet, and you've had time to do that?

MR. MAKTHEPHARAK: Yeah. Yeah. Ms. Kay, I believe, gave me that last -- a month and a half ago.

MS. WARK: Okay. Awesome. Thank you. And, as I mentioned, we are recording, and here in a minute, I am going to go around the room. It is approximately 8:20 a.m. on March 31st.

**ADMIT:** ___X___    **DENY:** _____

3. Plaintiff received a packet of information related to the parole hearing at least 30 days prior to the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

4. Plaintiff has been provided a copy of that packet by Defendants, and the copy is in the same or substantially the same condition as the packet that Plaintiff received prior to the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

5. This packet contained evidence regarding what might be considered at the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

6. This packet provided notice of what might be considered at the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

7. Plaintiff reviewed the materials in the packet prior to the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

8. An audio recording was made of the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

9. Plaintiff has been provided a copy of that audio recording by Defendants, and it is a fair and accurate recording of the parole hearing.

**ADMIT:** ___X___    **DENY:** _____

10. Plaintiff had an opportunity during the parole hearing to comment on the evidence being considered.

   **ADMIT:** ___X___     **DENY:** _____

11. Plaintiff did in fact comment on the evidence being considered during the parole hearing.

   **ADMIT:** ___X___     **DENY:** _____

12. The written evidence discussed during the parole hearing was contained in the packet Plaintiff had received.

   **ADMIT:** ___X___     **DENY:** _____

13. Comments by KDOC staff occurred during the parole hearing in the presence of the inmate.

   **ADMIT:** ___X___     **DENY:** _____

14. Ms. Wilson-Raw, a KDOC employee, participated in the parole hearing.

   **ADMIT:** ___X___     **DENY:** _____

15. Ms. Wilson-Raw's comments were favorable toward Plaintiff.

   **ADMIT:** ___X___     **DENY:** _____

16. A denial of parole was not made until days after the parole hearing.

   **ADMIT:** ___X___     **DENY:** _____

17. Plaintiff did not request any expert assistance or testimony for the parole hearing.

   **ADMIT:** _____     **DENY:** _____

   **OTHER (Fed. R. Civ. P. 36(a)(4)):** Under KAR 45-200-1, Plaintiff had no ability to request or obtain expert assistance or testimony for the parole hearing, and is precluded from doing so. KAR 45-200-1 limits attendance at a parole hearing to "(1) Any individual who is on the board's staff; (2) the inmate; (3) the person responsible for coordination of the parole plan for that inmate; (4) a representative of the inmate's unit team or another

**designated institution staff member; (5) any additional employee of the department of corrections who wishes to attend the hearing and who receives prior approval from the board; and (6) if the parole applicant does not offer an objection, a limited number of persons who have a professional interest in parole procedures and who have received prior approval from the board."**

18. Plaintiff did not request to introduce any other evidence for the parole hearing.

   **ADMIT: _____      DENY: _____**

   **OTHER (Fed. R. Civ. P. 36(a)(4)): Under KAR 45-200-1, Plaintiff had no ability to request to introduce extrinsic evidence for the parole hearing, and is precluded from doing so.  KAR 45-200-1 limits attendance at a parole hearing to "(1) Any individual who is on the board's staff; (2) the inmate; (3) the person responsible for coordination of the parole plan for that inmate; (4) a representative of the inmate's unit team or another designated institution staff member; (5) any additional employee of the department of corrections who wishes to attend the hearing and who receives prior approval from the board; and (6) if the parole applicant does not offer an objection, a limited number of persons who have a professional interest in parole procedures and who have received prior approval from the board."**

19. Plaintiff did not request to have an attorney participate in the parole hearing.

   **ADMIT: \_\_\_\_<u>X</u>_____      DENY: _____**

20. Plaintiff did not request for the KPRB to issue any subpoenas related to the parole hearing.

   **ADMIT: _____      DENY: _____**

   **OTHER (Fed. R. Civ. P. 36(a)(4)): Under KAR 45-200-1, Plaintiff had no ability to request the KRPB to issue any subpoenas related to the parole hearing, and is precluded from doing so.  KAR 45-200-1 limits attendance at a parole hearing to "(1) Any individual who is on the board's staff; (2) the inmate; (3) the person responsible for coordination of the parole plan for that inmate; (4) a representative of the inmate's unit team or another designated institution staff member; (5) any additional employee of the department of corrections who wishes to attend the hearing and who receives prior approval from the board; and (6) if the parole applicant does not offer an objection, a limited number of persons who have a professional interest in parole procedures and who have received prior approval from the board."**

21. The Secretary of Corrections did not participate in the parole hearing.

**ADMIT: _____          DENY: _____**

**OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that the Secretary of Corrections did not personally appear at and participate in the parole hearing.  But the Secretary of Corrections participated in the parole hearing systematically.  He was responsible for appointing the Prisoner Review Board who held the hearing and who serve at his pleasure, and for administering the Prisoner Review Board under his supervision.  *See* Executive Reorganization Order No. 34 (2011).  As well, by statute, without the agreement of the Secretary of Corrections, a prisoner cannot be paroled.  *See* K.S.A. §§ 22-3717(g) and 75-5210a.**

22. Governor Kelly did not participate in the parole hearing.

**ADMIT: _____          DENY: _____**

**OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that Governor Kelly did not personally appear at and participate in the parole hearing.  But the Governor participated in the parole hearing systematically.  The Governor is responsible for enforcing all of Kansas's laws, including its parole scheme.  She was responsible for appointing the Secretary of Corrections, who serves at her pleasure.  K.S.A. § 75-5205.  The Secretary of Corrections in turn was responsible for appointing the Prisoner Review Board who serve at his pleasure, and for administering the Prisoner Review Board under his supervision.  And by statute, without the agreement of the Secretary of Corrections, a prisoner cannot be paroled.  *See* K.S.A. §§ 22-3717(g) and 75-5210a.**

*Parole Decision*

23. Plaintiff received a written action notice regarding his denial of parole.

**ADMIT:      X          DENY: _____**

24. Doc. 12-1 is a copy of that action notice, and it is in the same or substantially the same condition as the notice that Plaintiff received.

**ADMIT:      X          DENY: _____**

25. Plaintiff received and signed the action notice on April 16, 2021.

   **ADMIT:**     X            **DENY:** _____

26. The action notice included "Recommendations," which included "DR Free."

   **ADMIT:**      X           **DENY:** _____

27. "DR Free" means to not receive disciplinary reports in the future.

   **ADMIT:**       X          **DENY:** _____

28. Plaintiff did not contest the parole decision through a habeas corpus action.

   **ADMIT:**      X           **DENY:** _____

## *Disciplinary History*

29. Plaintiff received a class 1 disciplinary report on November 2, 2020, for "Dangerous Contraband."

   **ADMIT:**       X          **DENY:** _____

30. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

   **ADMIT:**        X         **DENY:** _____

31. Plaintiff received a class 1 disciplinary report on March 7, 2020, for "Interf W/Cell Oper/Visibility."

   **ADMIT:**        X         **DENY:** _____

32. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

   **ADMIT:**       X          **DENY:** _____

33. Plaintiff received a class 2 disciplinary report on December 24, 2019, for "Restr Area/Unauth Presence."

    **ADMIT:** __X__                **DENY:** _____

34. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:** __X__                **DENY:** _____

35. Plaintiff received a class 1 disciplinary report on May 25, 2019, for "Interf W/Cell Oper/Visibility."

    **ADMIT:** __X__                **DENY:** _____

36. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:** __X__                **DENY:** _____

37. Plaintiff received a class 1 disciplinary report on May 25, 2019, for "Dangerous Contraband."

    **ADMIT:** __X__                **DENY:** _____

38. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:** __X__                **DENY:** _____

39. Plaintiff received a class 1 disciplinary report on February 25, 2019, for "Dangerous Contraband."

    **ADMIT:** __X__                **DENY:** _____

40. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:** __X__                **DENY:** _____

41. Plaintiff was denied parole in part due to his disciplinary history.

    **ADMIT:**    **X**                      **DENY:** _____

42. The information in the previous paragraph was included in the written action notice Plaintiff received after the parole hearing.

    **ADMIT:**    **X**                      **DENY:** _____

43. Plaintiff received a class 1 disciplinary report on September 27, 2021, for possession of an unauthorized communications device.

    **ADMIT:**    **X**                      **DENY:** _____

44. Plaintiff received a class 1 disciplinary report on August 26, 2023, for possession of an unauthorized communications device.

    **ADMIT:**    **X**                      **DENY:** _____

45. Plaintiff received a class 1 disciplinary report on July 1, 2024, for possession of an unauthorized communications device.

    **ADMIT:**    **X**                      **DENY:** _____

*Program Plan*

46. In 2002, the Secretary of Corrections entered into a program plan with Plaintiff.

    **ADMIT:** _____       **DENY:**    **X**      

47. Doc. 12-2 in this case is a copy of that program plan, and it is in the same or substantially the same condition as when Plaintiff entered into that plan.

    **ADMIT:** _____       **DENY:** _____

8

  **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that Doc. 12-2 in this case is a document titled "Inmate Program Plan."  To the extent that this question referring to "that program plan" means one entered into between Plaintiff and the Secretary of Corrections as suggested in RFA #46, Plaintiff denies that Doc. 12-2 is an agreement with the Secretary of Corrections or was entered into with the Secretary of Corrections at all.**

 48. The program plan acknowledgment was signed by Plaintiff.

  **ADMIT:** _____  **DENY:** _____

  **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that he signed Doc. 12-2 in this case.  To the extent that this question referring to "the program plan" means one entered into between Plaintiff and the Secretary of Corrections as suggested in RFA #46, Plaintiff denies that Doc. 12-2 is an agreement with the Secretary of Corrections or was entered into with the Secretary of Corrections at all.**

 49. The program plan acknowledgment specified that participation in the program plan affected the application of "good time credits."

  **ADMIT:** _____  **DENY:** _____

  **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that the instrument in Doc. 12-2 in this case states that participation in it affects application of "good time credits."  To the extent that this question referring to "the program plan" means one entered into between Plaintiff and the Secretary of Corrections as suggested in RFA #46, Plaintiff denies that Doc. 12-2 is an agreement with the Secretary of Corrections or was entered into with the Secretary of Corrections at all.**

 50. No agreement was made between Plaintiff and the Secretary of Corrections to condition the granting of parole on the completion of programs under K.S.A. 75-5210a and K.S.A. 22-3717(g)-(h) and (j)(1).

  **ADMIT:** \_\_\_\_**X**_____  **DENY:** _____

 51. Plaintiff was not denied parole due to failure to complete any programs required under any agreement with the Secretary of Corrections under K.S.A. 75-5210a and K.S.A. 22-3717(g)-(h) and (j)(1).

  **ADMIT:** _____  **DENY:** \_\_\_\_**X**_____

*Custody Classification*

52. Plaintiff was classified as medium-low while serving his current sentence from December 15, 2009, to June 3, 2010.

    **ADMIT: _____    DENY: _____**

    **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that he was classified what was then known as "medium-low" from December 15, 2009, to June 3, 2010.  But custody eligibility has changed over the years Plaintiff has been incarcerated, and people classifiable as "medium low" 14 years ago are not necessarily today.  Under the current classification system, Plaintiff is categorically barred from anything below "medium high" custody classification.**

53. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:     X           DENY: _____**

54. Plaintiff was classified as medium-low while serving his current sentence from April 17, 2013, to February 10, 2014.

    **ADMIT: _____    DENY: _____**

    **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that he was classified what was then known as "medium-low" from April 17, 2013, to February 10, 2014.  But custody eligibility has changed over the years Plaintiff has been incarcerated, and people classifiable as "medium low" ten years ago are not necessarily today.  Under the current classification system, Plaintiff is categorically barred from anything below "medium high" custody classification.**

55. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:       X         DENY: _____**

56. Plaintiff was classified as medium-low while serving his current sentence from February 11, 2014, to July 9, 2014.

    **ADMIT: _____    DENY: _____**

**OTHER (Fed. R. Civ. P. 36(a)(4)):** Plaintiff admits that he was classified what was then known as "medium-low" from April 17, 2013, to February 10, 2014.  But custody eligibility has changed over the years Plaintiff has been incarcerated, and people classifiable as "medium low" ten years ago are not necessarily today.  Under the current classification system, Plaintiff is categorically barred from anything below "medium high" custody classification.

57. The information in the previous paragraph was included in the packet of information Plaintiff received before the parole hearing.

    **ADMIT:** ____X____    **DENY:** _____

58. Plaintiff has not been categorically barred from security classifications below medium-high.

    **ADMIT:** _____    **DENY:** ____X____

59. KDOC does not currently use the classification manual cited to in Doc. 9 at ¶ 99.

    **ADMIT:** _____    **DENY:** _____

**OTHER (Fed. R. Civ. P. 36(a)(4)):** The "classification manual cited to in Doc. 9 at ¶ 99" is the one the Secretary of Corrections requires in KAR 44-5-104 be used.  Plaintiff denies that KDOC uses any other classification manual than the one required in KAR 44-5-104.  Plaintiff admits that the manual changes from time to time, and the edition in effect at the time he filed his amended complaint has been superseded by a new edition.

60. KDOC uses the Custody Classification Manual for Men attached as Exhibit A (and which is also located at: https://www.doc.ks.gov/publications/kdoc-facilities-management (revised March 2024)).

    **ADMIT:** ____X____    **DENY:** _____

*Criminal Case*

61. Plaintiff was convicted of felony murder in 2001 under K.S.A. 21-3401(b) (1995).

    **ADMIT:** ____X____    **DENY:** _____

62. Plaintiff's criminal case was referred from juvenile court to criminal court.

    **ADMIT:** ____X____    **DENY:** _____

63. Plaintiff was sentenced in 2001 under K.S.A. 21-4706(c) (2001 Supp.) and K.S.A. 22-3717(b)(2) (2001 Supp.).

   **ADMIT:       X       **          **DENY:              **

### *Pardon Application*

64. Plaintiff applied for a pardon from the Governor, but received notice that he was denied a pardon in a letter from the Governor's office dated June 22, 2022.

   **ADMIT:       X       **          **DENY:              **

65. Plaintiff has received a copy of that letter from Defendants, and it is in the same or substantially the same condition as the letter Plaintiff received in 2022 from the Governor's office.

   **ADMIT:       X       **          **DENY:              **

66. The process for pardons and commutations is separate from the parole process.

   **ADMIT:       X       **          **DENY:              **

### *Governor Kelly*

67. Plaintiff is not alleging that Governor Kelly took any actions related to the matters in this case other than to appoint the Secretary of Corrections.

   **ADMIT:              **          **DENY:       X       **

68. Plaintiff is not alleging that Governor Kelly directly participated in the parole process with regard to Plaintiff's denial of parole.

   **ADMIT:              **          **DENY:              **

   **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that Governor Kelly did not personally appear at and participate in the parole hearing. But the Governor systematically participated in the parole process that resulted in the denial of parole to Plaintiff. The Governor is responsible for enforcing all of Kansas's laws, including its parole scheme. She was responsible for appointing the Secretary of Corrections, who serves at her pleasure. K.S.A. § 75-5205. The Secretary of Corrections in turn was responsible for appointing the Prisoner Review Board who serve at his pleasure, and for**

**administering the Prisoner Review Board under his supervision. And by statute, without the agreement of the Secretary of Corrections, a prisoner cannot be paroled.** *See* **K.S.A. §§ 22-3717(g) and 75-5210a.**

69. Plaintiff is not alleging that Governor Kelly personally enforced any parole laws with regard to Plaintiff.

    **ADMIT: _____            DENY: _____**

    **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that Governor Kelly did not personally appear at and participate in the parole hearing. But the Governor systematically participated in Plaintiff's parole process. The Governor is responsible for enforcing all of Kansas's laws, including its parole scheme, and does so personally. She was responsible for appointing the Secretary of Corrections, who serves at her pleasure. K.S.A. § 75-5205. The Secretary of Corrections in turn was responsible for appointing the Prisoner Review Board who serve at his pleasure, and for administering the Prisoner Review Board under his supervision. And by statute, without the agreement of the Secretary of Corrections, a prisoner cannot be paroled.** *See* **K.S.A. §§ 22-3717(g) and 75-5210a.**

70. Plaintiff is not alleging that Governor Kelly appears likely to personally enforce any parole laws in the future with regard to Plaintiff.

    **ADMIT: _____            DENY: _____**

    **OTHER (Fed. R. Civ. P. 36(a)(4)): Plaintiff admits that Governor Kelly is not likely to personally appear at or participate in any parole hearings in the future. But the Governor systematically participates in all parole processes in Kansas. The Governor is responsible for enforcing all of Kansas's laws, including its parole scheme, and does so personally. She was responsible for appointing the Secretary of Corrections, who serves at her pleasure. K.S.A. § 75-5205. The Secretary of Corrections in turn was responsible for appointing the Prisoner Review Board who serve at his pleasure, and for administering the Prisoner Review Board under his supervision. And by statute, without the agreement of the Secretary of Corrections, a prisoner cannot be paroled.** *See* **K.S.A. §§ 22-3717(g) and 75-5210a.**

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
 Jonathan Sternberg, Kan. #25902
 2323 Grand Boulevard #1100
 Kansas City, Missouri 64108
 (816) 292-7020
 jonathan@sternberg-law.com

COUNSEL FOR PLAINTIFF