Exhibit L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SASHADA MAKTHEPHARAK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAURA KELLY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 23-2121-DDC-RES |

### DECLARATION OF JEFF ZMUDA

I, Jeff Zmuda, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. I currently serve as the Kansas Secretary of Corrections.

2. I was appointed by the Governor on July 1, 2019, was confirmed by the Kansas Senate, and was sworn in on February 5, 2020.

3. To date, I have not had any involvement with the grant or denial of parole in Kansas.

4. The Kansas Prisoner Review Board (KPRB) is the sole decision-making authority for parole decisions in Kansas.

5. I have not appointed or terminated any member of the KPRB.

6. My predecessors appointed Jonathan Ogletree as the chair of the KPRB (in 2016), Jeannie Wark as a member of the KPRB (in 2015), and Mark Keating as a member of the KPRB (in 2016).

7. I have never entered into an agreement or plan with any inmate regarding conditions for parole, such as under K.S.A. 75-5210a(a).

8. I have never revised an agreement or plan with any inmate regarding conditions for parole, such as under K.S.A. 75-5210a(a).

9. To my knowledge, my predecessors have never entered into an agreement or plan with any inmate regarding conditions for parole, such as under K.S.A. 75-5210a.

10. To my knowledge, my predecessors have never revised an agreement or plan with any inmate regarding conditions for parole, such as under K.S.A. 75-5210a.

11. In 2011, the Kansas *Parole* Board, which was outside and separate from the Kansas Department of Corrections (KDOC), was abolished by Kansas Executive Reorganization Order No. 34. That Order also created a successor agency to the Kansas Parole Board called the Kansas *Prisoner Review* Board (KPRB), which is within KDOC. As a result of this reorganization, the KPRB has direct access to KDOC records.

12. To my knowledge, since the date of that reorganization order, none of my predecessors ever sent a report to the KPRB regarding the appropriateness of parole for any inmate, such as under K.S.A. 22-3717(g)(2) or 75-5210a.

13. I have never sent a report to the KPRB regarding the appropriateness of parole for any inmate, such as under K.S.A. 22-3717(g)(2) or 75-5210a.

14. I have never been involved in the decision-making process regarding parole for any inmate.

15. I have never sent any recommendations regarding parole or commutation to the KPRB.

16. I have never received any recommendations regarding parole or commutation from the KPRB prior to the decision by the KPRB to grant or deny parole.

17. I have never been involved in any discussions with the KPRB or its members or staff regarding the appropriateness of parole for any inmate.

18. I have not otherwise been involved in the parole process regarding any inmate.

19. I did not know Sashada Makthepharak had been up for parole in 2021 until afterwards when I was notified about this current lawsuit in 2023.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July __8__, 2024.

_____
Jeff Zmuda
Kansas Secretary of Corrections