IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SASHADA MAKTHEPHARAK,
    Plaintiff,

vs.

LAURA KELLY, *et al.*,
    Defendants.

Case No. 2:23-cv-02121-DDC-RES

**PLAINTIFF'S MOTION TO CORRECT FILING DATE OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND STRIKE MOTION FOR SUMMARY JUDGMENT AS UNTIMELY**

Plaintiff Sashada Makthepharak moves the Court under Fed. R. Civ. P. 12(b)(1) and D. Kan. Rule 7.1 to correct the filing date of the defendants' motion for summary judgment and its attachments (Doc. 47) to November 16, 2024, and to then strike the summary judgment motion (Docs. 47-50) as untimely under the Court's order setting their deadline as November 15, 2024 (Doc. 46).

**Summary**

The defendants' motion for summary judgment was due on Friday, November 15, 2024. As they are represented by counsel, that means that their counsel had to file it electronically by midnight. But counsel did not complete that electronic filing until 1:00 a.m. on November 16. Despite this, the electronic filing system states the motion was "filed on" November 15 anyway. This was in error, and the Court should order the filing date corrected to reflect filing on November 16.[1] As this was untimely and without leave, let alone showing any reason for the untimely filing meeting "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B), the Court should then strike the defendants' motion for summary judgment and its attachments.

---

[1] Undersigned counsel contacted the clerk's office regarding this, who agreed they could not explain why this document was deemed "filed on" November 15. They stated they could not correct it but that this Court could order it corrected.

1

## Nature of the Matter Before the Court

Plaintiff Sashada Makthepharak is a Kansas state prisoner serving a life sentence for an offense he was convicted of having committed while a juvenile (Doc. 44 at 2). He brought this case under 42 U.S.C. § 1983 alleging that Kansas's parole scheme for people like him violates the Eighth Amendment's prohibition against cruel and unusual punishment as explained in *Montgomery v. Louisiana*, 577 U.S. 190 (2016), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Graham v. Florida*, 560 U.S. 48 (2010) (Doc. 44 at 22).

## Statement of the Facts

In its initial scheduling order, the Court ordered that any dispositive motions were due by November 1, 2024 (Doc. 33 at 5). The Court reiterated this in its pretrial order (Doc. 44 at 27). It also reminded the parties that "Any motion to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4)" (Doc. 44 at 27).

On November 1, the defendants moved the Court for an extension of 14 days in which to file their summary judgment motion, which Mr. Makthepharak did not oppose (Doc. 45). The Court granted the motion, but noted it was untimely:

> Defendants seek a 14-day extension. Doc. 45 at 1. And plaintiff doesn't oppose the motion. *Id.* Defendants filed this motion on the day of the deadline in question: November 1, 2024. *Id.* Parties must file motions for time extensions no less than 3 days before the deadline. D. Kan. Rule 6.1(a). As such, this motion is untimely. But the court recognizes the extenuating circumstances preventing counsel from meeting the deadline and--presumably--from filing this motion earlier. Exercising its discretion, the court grants defendants' motion. **Dispositive motions are now due November 15, 2024.**

(Doc. 46) (emphasis added).

On Saturday, November 16, at 1:01 a.m., undersigned counsel received an e-mail containing a notice of electronic filing ("NEF") with a link to a summary

judgment motion and its attachments that the defendants filed. A copy of the e-mail counsel received is attached as **Exhibit A**. The NEF in the Court's system, which is attached as **Exhibit B**, is identical. Both stated, "The following transaction was entered by Shoger, Matthew **on 11/16/2024 at 1:00 AM** CST and filed on 11/15/2024" (emphasis added):

> **Notice of Electronic Filing**
>
> The following transaction was entered by Shoger, Matthew on 11/16/2024 at 1:00 AM CST and filed on 11/15/2024
> **Case Name:**      Makthepharak v. Kelly et al
> **Case Number:**    2:23-cv-02121-DDC
> **Filer:**          Laura Kelly
>                     Jeff Zmuda
>                     Jonathan Ogletree
>                     Jeannie Wark
>                     Mark Keating
> **Document Number:** 47
>
> **Docket Text:**
> **MOTION for Summary Judgment by Defendants Laura Kelly, Jeff Zmuda, Jonathan Ogletree, Jeannie Wark, Mark Keating (Attachments: # (1) Exhibit A, # (2) Exhibit C, # (3) Exhibit D, # (4) Exhibit E, # (5) Exhibit F, # (6) Exhibit G, # (7) Exhibit H, # (8) Exhibit I, # (9) Exhibit J, # (10) Exhibit K, # (11) Exhibit L) (Shoger, Matthew)**

The "entered on" and "filed on" dates are different.

The e-mail and NEF also both contain notations of the individual documents contained in the filing, each of which is stamped "Date=11/16/2024":

> The following document(s) are associated with this transaction:
>
> **Document description:** Main Document
> **Original filename:** n/a
> **Electronic document Stamp:**
> [STAMP dcecfStamp_ID=1028492125 [Date=11/16/2024] [FileNumber=6226413-0] [afb49de9cda49a1a87b1fd0028cb693c6125a09c5b7ca0df008f65bf8d96904792118ce3f04c6723ef9d2717ee5f532d4e615856eddd371de31ccd6bd6135bde]]

Despite this, each of the linked documents, Docs. 47 and 47-1 through 47-11, are file-stamped "Filed 11/15/24". The defendants did not explain why their filing was at 1:00 a.m. on November 16 or make any argument for a late filing (Doc. 47).

The other documents the defendants submitted in support of the summary judgment motion – a provisionally sealed exhibit (Doc. 48), a notice of it (Doc. 49), and a motion to seal or redact (Doc. 50) – all were entered between 1:04 a.m. on November 16 and 1:25 a.m. on November 16, and unlike Document 47 all of them state they were "filed on 11/16/2024." Those NEFs are attached as **Exhibits C through E**. Each of those documents are file-stamped "Filed 11/16/24."

After the weekend, undersigned counsel called the clerk's office to inquire how Document 47 and its attachments entered on the electronic filing system at 1:00 a.m. on November 16 could be deemed filed the prior day on November 15 without a court order. The deputy clerk confirmed that the defendants' counsel had indeed entered the filing at 1:00 a.m. on November 16, and that it therefore should not be possible for it to have been deemed filed on November 15. She confirmed there had not been an outage in the electronic filing system on November 15. She stated she would escalate this to a higher level and also inquire with the ECF team what might have happened and what to do.

Several hours later, the deputy clerk called undersigned counsel back and stated no one in the clerk's office was sure how this could happen, because it should not be possible, and Document 47 should have been noted as filed on November 16 because it was entered by the defendants' counsel at 1:00 a.m. on November 16. But she said the clerk's office determined they could not change the November 15 file-stamp date unless the Court directed them to.

This motion follows.

4

## Argument

**A.  Summary**

The Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's administrative rules governing electronic filing all provide that when counsel is electronically filing a document, the document is only deemed "filed" when it is entered on the electronic filing system and an NEF is issued.  If that is after midnight on a given day, the document is only deemed "filed" that day, not the preceding day.  When the electronic filing system mistakenly records a filing as occurring on a prior day, the Rules supersede the mistaken recording.  As federal courts throughout the country have held, when this occurs, the Court then must order the filing date corrected.  And if that corrected date means a deadline has been exceeded, the late filing is a nullity and must be stricken.

Here, the defendants electronically submitted their motion for summary judgment at 1:00 a.m. on November 16, and an NEF was issued at that time.  This means it was "filed" on November 16, a day late and without leave.  Despite this, the electronic filing system mistakenly recorded it as "filed on" November 15.

This Court now should order the clerk to change the date of the summary judgment motion's filing to the correct date of November 16.  It then should strike the motion as untimely.

**B.  An electronically filed document's filing date is the day after midnight when its NEF is generated.**

Fed. R. Civ. P. 6(a)(4)(A) provides that when a deadline falls on a day, that means the day "ends … for electronic filing, at midnight in the court's time zone."  D. Kan. Rule 77.1(b) provides that "Pleadings and other papers must be filed via the court's Electronic Filing System."  Under D. Kan. Rule 5.4.4, the clerk has also established "Administrative Procedures For Filing, Signing, And Verifying

5

Pleadings And Papers By Electronic Means" ("Administrative Rules") which are available at https://ksd.uscourts.gov/court-info/local-rules-and-orders.

Generally, "All motions, pleadings, applications, briefs, memoranda of law, transcripts of proceedings, administrative records, or other documents shall be filed on the System electronically …." Administrative Rule II(A)(1)(a). "Whenever a pleading or paper other than an ex parte document or document in a sealed case is filed electronically in accordance with these procedures, the System will generate a 'Notice of Electronic Filing' to the filing party, to any other party who is a registered user and has requested electronic notice in that case and to the assigned judge." *Id.* at II(B)(1). "If the recipient is a registered participant in the System, the System-generated notice of electronic filing shall constitute service of the document by electronic means …." *Id.* at II(B)(2).

"A document shall not be considered filed until the System generates a notice of electronic filing." *Id.* at II(A)(1)(b). And echoing Fed. R. Civ. P. 6(a)(4)(A), "[a] document will be deemed timely filed if filed prior to midnight." Administrative Rule II(A)(6).

Synthesized, then:
- An attorney filing in this Court must use the electronic filing system;
- To be timely, a document must be "filed" before midnight;
- When the attorney files a document using the electronic filing system, the system will generate an NEF; and
- The document is not deemed "filed" until that NEF is issued.

C. **As the NEF for the defendants' motion for summary judgment was generated at 1:00 a.m. on Novembre 16, its filing date is November 16 and should be corrected to reflect that.**

Under these rules, the defendants' summary judgment motion and its attachments in Document 47 were filed on November 16, 2024, after the deadline of

6

November 15, 2024.  For reasons the clerk's office cannot explain, the system nonetheless mistakenly recorded it as having been filed on November 15.

Counsel for the defendants was bound by Local Rule 77.1(b) and Administrative Rule II(A)(1)(a) to file using the electronic filing system.  Counsel did not enter the filing of Document 47 until 1:00 a.m. on November 16, upon which the system issued the NEF at that time.[2]  Under Administrative Rule II(B)(2), that – 1:00 a.m. on November 16 – is when the document is "considered filed."  Therefore, and as the clerk's office acknowledged to undersigned counsel, the system's "filed on" date of November 15 is mistaken.

But because 1:00 a.m. on November 16 was not "prior to midnight" on November 16, under Fed. R. Civ. P. 6(a)(4)(A) and Administrative Rule II(A)(6), the summary judgment motion, which was due November 15 (Doc. 46), was not timely.

This is not the first time that this kind of mistake – a filing after midnight on a date being mis-recorded as the prior date – has occurred in the federal CM/ECF system.  But each time it has occurred, the Court has ordered the filing date corrected and, if the filing was untimely as a result, applied the substantive law to the correct date.

In *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 774 (D. Md. 2009), the issue was the timeliness of a complaint about a patent.  The NEF noted that the complaint was "entered on" the system at 12:01 a.m. on July 7, 2009, but noted as "filed on" the previous day, July 6.  *Id.*  This was important because the patent was only issued July 7, making a filing the prior day lack subject matter jurisdiction.  *Id.*  The Court noted "that although the Notice of Electronic Filing indicates that

---

[2] Functionally, an attorney uploads the documents to be filed to the system and then clicks "submit."  An NEF is then immediately issued.  The defendants' counsel therefore plainly submitted Document 47 at 1:00 a.m. on November 16, which is when the NEF was issued.

the complaint was filed on July 6, 2009, it also indicates that the complaint was 'entered' at 12:01 a.m. on July 7, 2009," and so under the Court's administrative rules, which provided the same as this Court's rules, "Because the complaint was 'entered' on July 7, 2009, it was 'filed' on that date." *Id.*

*Cerro Wire Inc. v. Southwire Co.*, 777 F. Supp. 2d 1334, 1335 (N.D. Ga. 2011), also concerned a compliant about a patent. The patent was issued at midnight on July 6, 2010. *Id.* One of two challengers filed a complaint, which the NEF reflected was "entered" on July 6 at 12:02 a.m. *Id.* at n.1. Despite this, "both the docket sheet and the ECF timestamp at the top of the document indicated July 5 as the filing date." *Id.* The other challenger argued that this was untimely for the same reason as in *D2L*. *Id.* Noting that under the Court's administrative rules, which were the same as in this Court, the NEF's time of entry controlled, the Court stated "the Clerk has since corrected the docket sheet and the ECF time stamp to reflect July 6 as the filing date," and found that the complaint was filed on July 6. *Id.* at 1335, 1335 n.1.

Finally, *In re Casey*, 329 B.R. 43, 46 (Bankr. S.D. Ohio 2005), concerned an adversary complaint in a bankruptcy case that was due by May 24, 2004. The NEF reflected that it was "entered on" May 25, 2004, at 12:14 a.m., but the electronic filing system nonetheless recorded it as having been filed May 24. *Id.* The defendant moved to correct the filing date to May 25 and dismiss the complaint as untimely. *Id.* The Court discussed the relevant rules, which again were the same as this Court's, and found the complaint untimely and that it had to be dismissed:

> Because the Court's Notice of Electronic Filing is the controlling document for establishing the date and time of filing and it reflects that the Complaint was entered on the docket on May 25, 2004 at 12:14 a.m., the Court finds that the Complaint was untimely filed. For these reasons, the Court will enter a separate order granting the Motion to Dismiss and dismissing the Complaint.

*Id.*

The same as in these decisions is true here. The defendants' motion for summary judgment was due November 15. But their counsel entered it on the electronic filing system at 1:00 a.m. November 16. As a matter of law, it therefore was "filed on" November 16, not November 15, and so was out of time.

As in *D2L*, *Cerro Wire*, and *Casey*, the November 15 filing date the system recorded was therefore incorrect. The Court should order the clerk to correct the filing date in Document 47 to November 16.[3] (If the motion were timely, it also would affect Mr. Makthepharak's response deadline, which would be due 21 days after November 16, rather than November 15.)

**D.  As the defendants' motion for summary judgment was due November 15, the Court should order its motion for summary judgment and its attachments (Docs. 47-50) stricken as untimely.**

As a result, the defendants' motion for summary judgment is untimely, and the Court therefore should strike it. Indeed, the *other* components of the defendants' summary judgment motion (Docs. 48-50) were already noted as being entered and filed on November 16 and were untimely and without leave, too.

Especially after already filing an untimely extension motion and receiving the Court's grace in granting it, the defendants offer no reason why they could not

---

[3] It appears there is a "glitch" in the federal CM/ECF system that makes the "filed on" date one day before the "entered on" date. A party begins the filing session on one day, perhaps – as the patent cases – waiting for midnight so as to be first, or perhaps because they know they need more time and will be late but want the file-stamp date to reflect the prior day. If the electronic filing session is begun on the first day but the filing itself is not uploaded and submitted until the next day, perhaps hours later, this glitch will occur and the "entered on" and "filed on" dates will be recorded differently. Under the rules, though, and just as in *D2L*, *Cerro Wire*, and *Casey*, these shenanigans still result in the same thing: the "filing" date is legally the same as the NEF. That is, regardless when the session was begun, the filing date is when it is completed and the NEF issued. Here, that date is November 16, not November 15.

have filed their motion for summary judgment on November 15. Under Fed. R. Civ. P. 6(b)(1)(B), however, to obtain that leave the defendants would have to show why they "failed to act because of excusable neglect." They have made no such showing here. *Cf. Gaudet v. Howard L. Nations APC*, No. CV 19-10356-WBV-JVM, 2021 WL 2446203, at *5 (E.D. La. June 15, 2021) (striking summary judgment motion filed at 1:24 a.m. on day after due date, holding untimely and no showing of "excusable neglect").

Here, Mr. Makthepharak has far fewer resources than the Kansas Attorney General, who represents the defendants. He is a prisoner seeking to vindicate his constitutional rights. His counsel has reviewed the summary judgment motion and is confident that it is without merit and after full briefing would be denied. But responding to the Attorney General's summary judgment motion will take a great deal of time, effort, and expense. There is no reason Mr. Makthepharak and his family should have to devote that to something that is untimely, even if by a day.

Indeed, the Kansas Attorney General routinely has opposed parties filing documents one day out of time, often with success. *See, e.g., Birdsong v. Unified Gov't of Wyandotte*, No. 13-2090-JAR, 2014 WL 3361720, at *4 (D. Kan. July 9, 2014) (on Attorney General's urging, denial of request to file response to motion to dismiss one day out of time); *Llamas v. State*, No. 07-3138-SAC, 2007 WL 2900193, at *3 (D. Kan. Oct. 3, 2007) (on Attorney General's urging, dismissing habeas petition one day late as untimely).

What is good for the Attorney General's opponents is good for it, too. Given its resources and position, the Attorney General should be held to just as high a standard. With no showing of excusable neglect, with prejudice to Mr. Makthepharak, and with the defendants already having one untimely extension, the Court should strike their summary judgment motion and its attachments (Docs. 47-50), all of which were filed out of time without leave, as untimely.

## Conclusion

The Court should order the clerk to correct the "filed on" date on Document 47 and its attachments to November 16. It then should strike Documents 47-50, which were due November 15, as untimely.

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
Jonathan Sternberg, Kan. #25902
2323 Grand Boulevard #1100
Kansas City, Missouri 64108
(816) 292-7020
jonathan@sternberg-law.com

COUNSEL FOR PLAINTIFF
SASHADA MAKTHEPHARAK

Certificate of Service

I certify that on November 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which sent electronic notification of that filing to the following:

Mr. Matthew L. Shoger
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
(785) 296-2215
matt.shoger@ag.ks.gov

Counsel for Defendants

Mr. Shon D. Qualseth
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
(785) 368-8424
shon.qualseth@ag.ks.gov

/s/Brody Sabor
Attorney

11