**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SASHADA MAKTHEPHARAK,
    Plaintiff,

vs.

LAURA KELLY, *et al.*,
    Defendants.

Case No. 2:23-cv-02121-DDC-RES

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CORRECT FILING
DATE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND STRIKE MOTION FOR SUMMARY JUDGMENT AS UNTIMELY**

Plaintiff Sashada Makthepharak replies in support of his motion under Fed. R. Civ. P. 12(b)(1) and D. Kan. Rule 7.1 to correct the filing date of the defendants' motion for summary judgment and its attachments (Doc. 47) to November 16, 2024, and to then strike the summary judgment motion (Docs. 47-50) as untimely under the Court's order setting their deadline as November 15, 2024 (Doc. 46).

**Summary**

The defendants' motion for summary judgment was initially due on November 1, 2024. After an untimely extension request, the Court granted them until November 15, 2024. As they are represented by counsel, they were required to electronically file the motion by midnight that day. But their counsel did not complete that electronic filing until beginning at 1:00 a.m. on November 16, followed by further portions filed through to closer to 2:00 a.m.

Because the electronic filing system's receipt showed the motion was "filed on" November 15, contrasting with the notice of electronic filing ("NEF") on November 16, Mr. Makthepharak moved to correct the filing date and strike the motion as untimely. He explained the defendants' motion was untimely per the NEF, and the timestamp in the electronic filing system should be amended to match

1

the NEF.  He argued that once the correction was made, the motion should be stricken because the defendants could not show their motion was timely filed.

## Argument

### A.    The defendants' last day to file was midnight on November 15, 2024, and any filing after the deadline was untimely.

The defendants do not contest that under federal and administrative rules, a deadline for an electronic filing expires "at midnight in the court's time zone."  Fed. R. Civ. P. 6(a)(4)(A) and Administrative Rule II(A)(6).  Nor do they contest that they were required to file their motion for summary judgment electronically.  D. Kan. Rule 77.1(b) and Rule II(A)(1)(a).  Nor do they make any argument that they *did* submit the motion – or any of its attachments or accompanying documents – to the electronic filing system by midnight, tacitly conceding that they *did not* do so.

Instead, the defendants argue Mr. Makthepharak has misinterpreted this Court's Administrative Rules.  This is in error.

In his motion to strike, Mr. Makthepharak explained that this Court's administrative rules dictate that "[a] document shall not be considered filed until the System generates a notice of electronic filing" (Doc. 55 p. 6) (quoting Administrative Rule II(A)(1)(b)).  The defendants argue this rule only applies to filings accepted by email, as *pro se* parties do (Doc. 56 pp. 5-6).  This is simply untrue.

First, the full text of Administrative Rule II(A)(1) provides:

a. All motions, pleadings, applications, briefs, memoranda of law, transcripts of proceedings, administrative records, or other documents shall be filed on the System electronically except as otherwise provided by these administrative procedures, by local rules, or by court order.

b. Emailing a document to the clerk's officer or to the assigned judge does not constitute filing the document.  *A document shall not be considered filed until the System generates a notice of electronic filing.*

(emphasis added).

This rule plainly states that *any document* is only "filed" when the System has generated a notice of electronic filing. It notes as an aside that e-mailing a document is not sufficient. But it does not support the defendants' reading, which apparently is that a document somehow can be "filed" *before* a notice of electronic filing is issued. Here, the defendants seem to concede that they submitted their motion for summary judgment at 1:00 a.m., exactly when the notice of filing was issued. Therefore, under this rule, it was "filed" then, on November 16, not November 15 when it was due.

Second, the defendants argue that Administrative Rule II(A)(1)(b) was clarified by Administrative Rule II(L)(2)-(4), which concerns *pro se* filings (Doc. 56 p. 6). But Rule II(L) makes no mention of modifying or further refining Rule II(A)(1)(b). It does not even refer back to Rule II(A)(1)(b) at all.

Because all parties are represented by counsel, the filings in this case are required to be made electronically. Administrative Rule II(A)(1)(a). In the event of a technical issue, the attorney is instructed to contact the clerk about filing a document by email or in person. Rule II(A)(2). This is the exception. Otherwise, filings must be made electronically through the System. *Id.* And because all parties are represented by counsel, when a document is filed in this case "the System generated notice of electronic filing [constituted] service of the document." Rule II(B)(2). Therefore, just like Rule II(A)(1)(b) outlining when a document is considered filed, Rule II(B)(2) outlines when a document is served. In both cases, this is when the NEF has been generated.

Here, the defendants' counsel did not enter the filing of Document 47 until 1:00 a.m. on November 16, upon which the system issued the NEF. Therefore, that time is when the document was "considered filed" and Mr. Makthepharak served at that time. Administrative Rule II (A)(1)(b) & Rule II(B)(2). But because 1:00 a.m.

on November 16 was not filed "prior to midnight" on the November 15 deadline, under Fed. R. Civ. P. 6(a)(4)(A) and Administrative Rule (A)(6), the motion for summary judgment was untimely. The defendants' argument otherwise – that they could file something at 1:00 a.m. on November 16 and it be considered filed the previous day – has no support in either the Rules of Civil Procedure or this Court's rules. The Court should order the date of the defendants' summary judgment motion corrected and the motion and its accompanying documents stricken.

**B.    The Court should deny the defendants leave to file out of time because they fail to establish "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).**

The Court may allow a party to file out of time if it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In their response filed on December 3, 18 days after their summary judgment motion was due, the defendants also request the Court to grant them another extension of time out of time to file their motion for summary judgment. The Court should deny their request, because its reasoning does not meet the requirements to be "excusable neglect."

The defendants argue that in determining whether to grant them leave to file late 18 days out of time, the Court should consider "1) the danger of prejudice to the opposing party, 2) the length of delay caused by neglect and its impact on judicial proceedings, 3) the reason for delay and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party" (Doc. 56 p. 7) (quoting *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (quoting *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). But the defendants neglected to mention "*[t]he reason for delay is* an important, if not *the most important, factor* in this analysis." *Id.* (quoting *Torres*, 372 F.3d at 1163) (emphasis added).

Here, all four factors weigh against granting the defendants' 18-day-late request to allow them to file their motion for summary judgment out of time.

First, there is a danger of prejudice against Mr. Makthepharak. The defendants rely on *Plantan v. Smith*, No. 3:22cv407, 2024 WL 1260572, at *6 (E.D. Va. Mar. 25, 2024) to argue that Mr. Makthepharak would experience "little to no prejudice" from a brief delay in filing their motion for summary judgment (Doc. 56 p. 7). But in *Plantan*, the Eastern District of Virginia declined to strike an untimely *response in opposition* to a motion for summary judgment, *not* a motion for summary judgment itself. *Id.* The opposing party already had made its legal argument when it moved for summary judgment. If the Court had granted the motion to strike, then the request for summary judgment would go unopposed. *This* was why the Court declined to implement such a "severe sanction" for the procedural error. *Id.* The defendants omit all of this from their response.

The situation in *Plantan* is not the case here. The defendants untimely moved *for* summary judgment. And if that motion is stricken, all parties will still receive their day in court. But if the Court allows the defendants to seek summary judgment, Mr. Makthepharak will be forced to expend his limited resources in defending against their untimely motion. Mr. Makthepharak and his family should not be inconvenienced and forced to accommodate the Kansas Attorney General for his counsel's acknowledged failure, who represents the defendants, when there is such a large disparity in capital and other resources between them.

Similarly, the second factor also disfavors the defendants. While the defendants may argue that the delay was only an hour or two (Doc. 56 pp. 6-7), this is untrue. The defendants did not make their request to file out of time until they responded to Mr. Makthepharak's motion to strike (Doc. 56 p. 6), which was *18 days* after their motion for summary judgment was due. Notably, the defendants offer no

explanation why they waited so long – which is the reason undersigned counsel could not agree to their request, as they offered him no such explanation, either.

Additionally, the length of delay is not the only part of this factor.  The Court should also consider the impact of the delay on these proceedings.  *Hamilton*, 302 Fed. Appx. at 798.  As explained above, if the defendants are allowed to proceed with their motion for summary judgment, Mr. Makthepharak will be forced to devote resources to defending against the motion.

The third, and most important, factor is the reason for the delay.  *Id.*  The defendants only offer that they "understood the motion to have been filed on November 15, 2024, and did not know they might need to request an extension" (Doc. 56 p. 6).  But apparently tacitly acknowledging it was untimely, they now argue they should be granted an extension of time for excusable neglect because the defendants' "undersigned counsel's upcoming deadlines were … tight" and they were "working many extra hours to catch up in several cases"  (Doc. 56 pp. 7-8).

The Tenth Circuit has consistently held that missed deadlines from making poor tactical decisions does not constitute excusable neglect.  *See, e.g.*:

- *Sizemore v. N.M. Dept. of Labor*, 182 F. App'x 848, 852-53 (10th Cir. 2006) (no excusable neglect where counsel ignored deadline, erroneously relied on Rule 6 to calculate deadline, failed to meet deadline, and failed to seek extension immediately upon receiving defendant's motion to strike);

- *Quigley v. Rosenthal,* 427 F.3d 1232, 1238 (10th Cir. 2005) (no excusable neglect where counsel mistakenly construed rule and failed to timely seek attorney fees);

- *Ghamrawi v. Case & Assocs. Props. Inc.,* 116 F. App'x 206, 210 (10th Cir. 2004) (no excusable neglect where counsel knew about but missed deadline because of workload); and

- *Almond v. Unified Sch. Dist. #501,* No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan Apr. 16, 2008) (no excusable neglect where counsel missed deadline because of workload and failed to explain what caused error in calculating response date).

The defendants' counsel may have very well had a large workload, but this alone is not excusable neglect. As in *Ghamrawi*, the Court had already generously provided the defendants with an extension, *id.* at 210, which here was already granted out of time. The defendants concede they knew of the deadline to move for summary judgment but simply disregarded it. But engaging in preparation of other cases cannot establish excusable neglect to allow a filing out of time. *Id.* (citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981).

The fourth and final factor is if the moving party made their request in good faith. *Hamilton*, 302 F. App'x at 798. Here, the defendants argue they were acting in good faith because they believed the motion was timely filed (Doc. 56 p. 8). They offer no explanation how they reasonably could believe a filing made at and after 1:00 a.m. on November 16 could be considered filed under the Rules of Civil Procedure or this Court's Rules on November 15, when all rules provide otherwise. Again, they do not even attempt to argue that they *did* submit the filing before midnight on November 15. The defendants also do not acknowledge that they have a pattern of untimely filings. The initial deadline for their summary judgment motion was November 1. And while the Court granted a 14-day extension, it noted the "[d]efendants filed [their] motion on the day of the deadline in question: November 1, 2024. *Id.* Parties must file motions for extensions no less than 3 days before the deadline. D. Kan. Rule 6.1(a). As such, this motion is untimely." (Doc. 46).

Once again, the defendants did not move for an extension 3 days before their deadline. Instead, their motion for summary judgment was filed the day after it

was due.  They then continued their delay and did not seek to file out of time until *18 days* after the final November 15 deadline.  This does not support granting the defendants the ability to file late, either.

None of the required factors for excusable neglect weigh in the defendants' favor.  The Court should deny their 18-day-late request to file their motion for summary judgment out of time.  It should correct the filing date to November 16 and then strike the summary judgment motion and all its materials as untimely.

**C.    Discrepancies are not automatically resolved in favor of the filer and the Kansas Attorney General should be held to the same standard it imposes on others.**

The defendants argue that any ambiguity between their CM/ECF system filing time and the NEF filing time should be resolved in their favor merely because they were the ones that filed (Doc. 56 p. 5).  This, too, is not the law.

First, the defendants incorrectly rely on two decisions Mr. Makthepharak previously cited, *D2L Ltd. V. Blackboard, Inc.*, 671 F. Supp. 2d 768, 774 (D. Md. 2009), and *Cerro Wire Inc. v. Southwire Co.*, 777 F. Supp. 2d 1334, 1335 (N.D. Ga. 2011), for the proposition that the Courts resolved the matters in favor of the filers. That is not true.  Instead, the Courts re-fashioned the date of the pleading to match the time each pleading was actually filed.  *D2L*, 671 F. Supp. 2d at 774; *Cerro Wire*, 777 F. Supp. 2d at 1335 n.1.  This is consistent with the other decision Mr. Makthepharak cited, *In re Casey*, in which the Court *did not* resolve the matter in favor of the party that filed, and instead found the complaint untimely as it was filed after midnight and dismissed the case.  329 B.R. 43, 46 (Bankr. S.D. Ohio 2005).  The point is that the actual time of filing controls, not the filer.

The defendants also cite a number of decisions from other jurisdictions where untimely filings were not struck.  Those decisions are all inapposite.

8

In *DeSantis v. Mayor & City Council of Baltimore*, No. 20-3165, 2023 WL 170424, at *1 n.1 (D. Md. Jan. 12, 2023), the Court declined to strike a plaintiff's response to a motion for summary judgment as untimely when the plaintiff equally untimely had moved to strike the summary judgment motion. In *Kadrey v. Meta Platforms, Inc.,* No. 23-cv-03417, 2024 WL 4362744, at *1 & n.1 (N.D. Cal. Oct. 1, 2024), the parties filed a *joint* letter outlining three discovery disputes, which the Court agreed to address the despite the letter being untimely because *both* parties had asked for it. In *Plantan*, 2024 WL 1260572, at *1, *3-4, the Court allowed the plaintiff to file a response to a motion for summary judgment at 11:56 p.m. even though it was due at 5:00 p.m., as the filing was made on the proper day and the party simply had mistakenly reverted to the default under Fed. R. Civ. P. 6(a)(4)(A). And in *McNair v. TrueCore Behav. Sols. LLC,* No. 21-cv-24094, 2022 WL 4271576, at *1 & n.1 (S.D. Fla. Sept. 15, 2022), the Court considered a plaintiff's untimely *reply* but advised it not to count on further leniency because of a pattern of delays filing motions in the early hours of the morning the day after a filing was due).

None of the exceptions from the first three cases are present. Mr. Makthepharak timely filed his motion to strike, unlike the plaintiff in *DeSantis*. The parties did not jointly file an untimely pleading, like the parties in *Kadrey*. And while the plaintiffs in *Plantan* and *McNair* were allowed to file out of time, the plaintiff in *Plantan* proved excusable neglect because he had confused the deadline imposed by the trial court's pre-trial order with the default midnight deadline under federal rules and he still filed within the same day and there was no prejudice where the defendant had already moved for summary judgment. But here, this would result in prejudice to Mr. Makthepharak, because as explained above, it would cause Mr. Makthepharak to expend his limited resources defending against the summary judgment motion. And in *McNair*, there was no mention of the plaintiff being entitled to an extension because of excusable neglect. Instead, the

filing was reviewed purely because the court exercised its discretion to be lenient. But the court was not obligated to grant plaintiff leniency there, just as this Court is not obligated to grant it to the defendants now.

The Kansas Attorney General should be held to the same standard that it imposes on others. In *Llamas v. State*, the Attorney General moved to dismiss a petition challenging a criminal petition for being one day out of time. No. 07-3138-SAC, 2007 WL 2900193, at *3 (D. Kan. Oct. 3, 2007). And while the defendants may seek to distinguish the case because it dealt with a statute of limitations, it remains that the Attorney General moved to strictly enforce a deadline instead. *Id*. But now, the Attorney General does not want to play by the same rules it wishes to set for others. Given the comparatively unlimited resources the Attorney General has as to Mr. Makthepharak, that is hardly fair.

By the Federal Rules and this Court's Rules, the defendants' motion for summary judgment was due on November 15, which meant submitted and an NEF issued by midnight that night. But it was not filed until beginning at 1:00 a.m. on November 16, making it untimely. The defendants fail to show excusable neglect for being granted leave to file out of time 18 days later, Mr. Makthepharak would be prejudiced by further extension, and the defendants have already enjoyed the benefits of one untimely extension. Therefore, the Court should strike their summary judgment motion and its attachments (Docs. 47-50).

## Conclusion

The Court should order the clerk to correct the "filed on" date on Document 47 and its attachments to November 16. It then should strike Documents 47-50, which were due November 15, as untimely.

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
    Jonathan Sternberg, Kan. #25902
    2323 Grand Boulevard #1100
    Kansas City, Missouri 64108
    (816) 292-7020
    jonathan@sternberg-law.com

    COUNSEL FOR PLAINTIFF
    SASHADA MAKTHEPHARAK

Certificate of Service

    I certify that on December 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which sent electronic notification of that filing to the following:

    Mr. Matthew L. Shoger               Counsel for Defendants
    Office of the Kansas Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612
    (785) 296-2215
    matt.shoger@ag.ks.gov

/s/Jonathan Sternberg
Attorney