IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SASHADA MAKTHEPHARAK,
    Plaintiff,

vs.

LAURA KELLY, *et al.*,
    Defendants.

Case No. 2:23-cv-02121-DDC-RES

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

1. All non-privileged records and portions of records of the Kansas Prisoner Review Board files from 2012 to the current date of prisoners sentenced to life as a juvenile within the State of Kansas, in which the individual was granted parole.

ANSWER: **OBJECTION:** Producing the documents to respond to this broad request would be unduly burdensome and costly. Since 2012, 49 prisoners sentenced to life for offenses committed as a juvenile have been granted parole. See answers to Interrogatories #2 and #3. Defendants estimate it would take 3 hours per prisoner to gather and review documents, resulting in 147 hours total required. This work would not be a part of the KPRB Administrator's daily duties and would require time spent outside regular working hours, so her normal hourly rate of $34.40/hr. would be increased to the overtime hourly rate of $51.60/hr. Accordingly, the cost would be $7,585.20.

If the request was limited instead to cases since 2020, the cost would still be prohibitive. Since 2020, 15 prisoners sentenced to life for offenses committed as a juvenile have been granted parole. Using the same calculation as above, this would require 45 hours and would result in a cost of $2,322.00.

1

If Plaintiff pays either cost upfront in full, Defendants will gather, review, and produce the corresponding documents. Otherwise, Defendants object to this request as unduly burdensome and costly.

2. The Plaintiff's written Agreement and Plan drafted by the Secretary of Corrections for the State of Kansas specifying those educational, vocational, mental health, or other programs which the Secretary determined the Plaintiff needed to meet in order to obtain be prepared for release on parole supervision.

ANSWER: **None.**

3. Any report filed by the Secretary of Corrections with the Kansas Prisoner Review Board regarding the Plaintiff and his eligibility for parole.

ANSWER: **None.**

4. Any document that describes the "risk assessment tools" utilized by the Kansas Prisoner Review Board when determining eligibility for parole for an individual sentenced to life for an offense committed as a juvenile.

ANSWER: **See K.S.A. 22-3717(h)(2) and answer to Interrogatory #5.**

5. Any document pertaining to the policies which determine the eligibility of an individual to progress from a facility classified as "medium high" or higher to a facility classified below "medium high" when sentenced to life for an offense committed as a juvenile.

ANSWER: **See the Custody Classification Manual for Men, which was provided as Exhibit A to Defendants' First Set of Requests for Admission to Plaintiff. An earlier**

version of the same document was also linked to in Defendants' Answer (Doc. 12 at ¶ 33(a)).

6. Any document pertaining to policies concerning the eligibility of inmates for work release programs or community corrections programs when sentenced to life for an offense committed as a juvenile.

ANSWER: See K.S.A. 75-5267, 75-5291(a), 75-52,116(a); K.A.R. 44-8-101 *et seq.*, 44-11-111 *et seq.*

See the following attached IMPP's (which are also available to the public on KDOC's website): IMPP 15-101A, 15-102A, 15-103D.

See the following attached IMPP (not currently found on KDOC's website): IMPP 01-108D.

See the following attached General Orders from the Winfield Correctional Facility (which are also available to the public on KDOC's website): 05-001, 05-003, 05-006.

See the following attached General Order from the Topeka Correctional Facility (which is also available to the public on KDOC's website): 14-109.

See the attached 2023 Desktop Reference Manual from the Kansas Sentencing Commission (which is also available to the public on KSC's website).

See the attached presentation on LS/CMI (which is also available to the public on the State of Kansas's website).

7. Any documentation utilized by the Kansas Prisoner's Review Board to evaluate the Plaintiff based on Kan. Stat. Ann. § 22-3717(g), or Kan. Stat. Ann. § 22-3717(h).

ANSWER: **OBJECTION:** The scope of this request includes privileged documents. Specifically, Defendants decline to provide the KPRB members' handwritten notes

3

from the parole hearing under the deliberative process privilege, mental process privilege, executive privilege, and quasi-judicial privilege.

Without waiving any objection, Defendants provide some relevant materials as follows. A copy of the packet of information given to Plaintiff prior to his 2021 parole hearing has already been provided to Plaintiff as part of Defendants' initial disclosures. Disciplinary reports, a confidential re-entry plan (which should be filed under seal if filed), and a letter from Plaintiff to the KPRB are produced. The following news articles served only as initial background material from which to ask questions of the resident and no decision was made based on them:

- Tim Potter, *Teen faces murder charge*, Wichita Eagle, June 5, 2001.
- Tim Potter, *Judge: 16-year-old to be tried as adult*, Wichita Eagle, June 30, 2001.
- Tim Potter, *Teen gets life for murder*, Wichita Eagle, Dec. 5, 2001.

        Respectfully submitted,

        KRIS W. KOBACH
        ATTORNEY GENERAL OF KANSAS

        */s/ Matthew L. Shoger*
        Matthew L. Shoger, KS No. 28151
        Assistant Attorney General
        Office of the Attorney General
        120 SW 10th Avenue, 2nd Floor
        Topeka, Kansas 66612-1597
        matt.shoger@ag.ks.gov
        785-296-2215
        Fax: (785) 291-3767
        *Attorney for Defendants*